Louise McCORMICK, (Plaintiff) Appellant,

v.

Leroy R. RUSSO, (Defendant) Respondent.

No. 53395.

Supreme Court of Missouri,
Division No. 1.

Oct. 14, 1968.

James R. Anderson, Clayton, for appellant.

Joseph H. Mueller, J. C. Jaeckel, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for defendant-respondent.

HOLMAN, Judge.

In this action plaintiff sought to recover $50,000 for personal injuries sustained when she, as a pedestrian, was struck by defendant's car. A trial resulted in a verdict and judgment for defendant and plaintiff has duly appealed.

In this court plaintiff makes the contention that the trial court erred in failing to grant her a new trial because the verdict was against the weight of the evidence. She also contends that prejudicial error resulted from the argument of defendant's counsel. The extreme disparity of the opinion of counsel concerning the applicable law and evidence in this case is demonstrated by the fact that while plaintiff contends the verdict for defendant was against the weight of the evidence defendant has briefed the point that plaintiff failed to make a submissible case. We will not rule the defendant's contention because we have concluded that plaintiff's contentions are without merit and hence that the judgment must be affirmed in any event.

The event in question occurred at about 10:30 p.m. on December 12, 1964, a short distance south of the intersection of Brentwood Boulevard (which runs north and south) and Brentwood Place. Brentwood Place extends east from the boulevard making a T intersection. The boulevard (which we will hereinafter refer to as Brentwood) is about 40 feet wide and has

four traffic lanes—two for traffic in each direction. At the time of the casualty it was raining and the night, of course, was dark although there was considerable artificial light at the intersection.

Plaintiff testified that she had parked her car on the east side of Brentwood about 25 feet south of the intersection; that she had gone to a drug store and another place of business on the west side of Brentwood; that when she was returning to her car she stopped on the west curb of Brentwood directly opposite her car; that she looked in each direction and saw no signs of any car; that without looking again in either direction she proceeded to walk across Brentwood directly toward her car; that when she reached a point a little east of the center of the two northbound lanes she saw a big flash of lights and that is all she remembered until she regained consciousness in the hospital.

Violet Ray testified that on the occasion in question she was driving her car at a speed of about 20 m.p.h. on Brentwood in the center (inner) northbound lane; that for several blocks defendant's car had been traveling at the same speed in the lane to her right with its front end about even with her right door; that she saw plaintiff when she was five or six feet in front of her right headlight; that she "hit" her horn and "slammed on the brakes" and the car stopped in about ten or twelve feet; that plaintiff jumped out of the path of her car and into the path of defendant's car which struck her—"I saw her go up in the air"; that defendant's car stopped about three feet behind her.

Defendant testified that his car was in perfect mechanical condition; that as he approached Brentwood Place he was driving in the curb northbound lane at a speed of 20 to 25 m.p.h.; that he never saw plaintiff until after she was struck by his car; that "when I got about to the middle of the block, I seen something white come across my windshield. I didn't know what it was, and all in the same moment, the car

off to the left of me put on the brakes, and naturally, by habit or something, I put my foot on the brakes. Q. When you saw this white object coming from your left, did you hear any sound? A. Yes, sir, I heard a thumping sound." He stated that when he stopped and got out of the car plaintiff was lying in front of it. On cross-examination he testified that he had not sounded his horn or attempted to swerve his car.

Plaintiff was seriously injured but we will not state the evidence relating to her injuries because it is not relevant to the issues raised on this appeal.

Plaintiff's case was submitted upon defendant's hypothesized humanitarian negligence in failing to sound a warning.

■ As we have indicated, the first point briefed by plaintiff is that the trial court erred in failing to grant a new trial because the verdict was against the weight of the evidence. That point is without merit because the appellate courts of this state have repeatedly held that they will not undertake to weigh the evidence in jury-tried cases before them on appeal. See Wilcox v. Coons, 362 Mo. 381, 241 S. W.2d 907 [25], Nichols v. Bresnahan, 357 Mo. 1126, 212 S.W.2d 570, Harris v. Quality Dairy Co., Mo.App., 423 S.W.2d 8 [11], and M.F.A. Central Cooperative v. Harrill, Mo.App., 405 S.W.2d 525 [8]. Although the question arose in a somewhat different fashion, the reasoning behind this policy is explained and the rule exhaustively reviewed and reaffirmed in the recent case of Clark v. Quality Dairy Co., Mo.Sup., 400 S.W.2d 78.

■ Plaintiff's contention is more fully detailed in her brief, as follows: "The facts testified to by the defendant on direct and cross-examination and as admissions against interest read from his deposition that admissions of defendant's counsel in open court and that uncontradicted evidence of plaintiff and plaintiff's witnesses in support thereof, established plaintiff's

claim and removed the case from the general rule that the appellate court will not weigh the evidence." In support of that position plaintiff relies primarily on Rogers v. Thompson, 364 Mo. 605, 265 S.W.2d 282, which held that the trial court did not err in directing a verdict for plaintiff (on liability) where defendant's counsel, in opening statement and argument, stated facts establishing liability. Similar facts were testified to by defendant's witnesses. That case is not controlling here where plaintiff did not file a motion for a directed verdict and where it is obvious from our recital of defendant's testimony that he did not admit facts which would establish as a matter of law that he was negligent in the respect submitted. Other cases cited have been examined but do not support plaintiff's contention.

Plaintiff's remaining point is that the court erred in failing to grant a new trial because of the prejudicial argument of defendant's counsel. The first statement complained of is shown in the following:

"Mr. Mueller: And why is it, if there was so much artificial light around there, as Mr. Anderson would have you believe, why is it that when Mrs. McCormick was standing on the curb she didn't see anything to her right?

"Mr. Anderson: Now, your Honor, again, this argument is getting into a statement of considering negligence on the part of the plaintiff. It is not an element in the lawsuit, and has nothing to do with it, what Mrs. McCormick did or did not do or see.

"The Court: I'll sustain that objection.

"Mr. Anderson: Your Honor, I ask that the jury be ordered to disregard counsel's statement.

"The Court: The jury will be ordered not to consider the final comment preceding Mr. Anderson's objection."

The next objection related to the following:

"Mr. Mueller: We lawyers and judges refer to it as the humanitarian doctrine, and that is what it is. And Mr. Anderson has stated it in Instruction No. 2, which states you are not to consider whether or not Mrs. McCormick was negligent. In effect, they are admitting to you that she was negligent in proceeding across the street.

"Mr. Anderson: Let me make my objection, if you will, please, Mr. Mueller. I believe that the manner in which this argument is being presented is an attempt to inject a negligent situation—that of the plaintiff—into the case, contrary to the instruction the Court has given, and I ask the Court to instruct Mr. Mueller in that respect to refrain from doing so.

"The Court: Mr. Mueller, you do have a right to explain the background and the compatibility of this instruction with the facts of this case; however, you will please refrain from any comment on your theory of any negligence on the part of plaintiff."

Thereafter, without objection, Mr. Mueller made an effort to demonstrate the humanitarian doctrine in the following manner:

"Members of the jury, we refer to this as the humanitarian doctrine. It came to us from England; and plain and simply, I think the best example of it could possibly be that if you are driving down the street, and you see a small child wander out into the street and not know what it is doing, possibly chasing a ball, and you are a half-block back from him, you certainly have no right to run into that child, even though he doesn't know you are coming. In the same way, a mother, with a child in her arms, dashing across the street, and you are back far enough that you can see this, but, in

addition to more than merely seeing this, that after you see it, that the driver of the automobile still has time to avoid the injury, but he fails to do so, and drives on down the street willy-nilly and runs into her. The human thing to do is to do everything in your power, without endangering yourself or others, to avoid injury to that person. This is the theory that Mrs. McCormick is submitting to you."

 It will be noted that plaintiff's attorney objected twice and each objection was sustained. On one occasion he requested that the court instruct the jury to disregard the statement and the court did so. In other words, plaintiff received all the relief she requested. In that situation a party is ordinarily in no position to complain that prejudicial error occurred. Nichols v. Blake, Mo.Sup., 418 S.W.2d 188 [12]. We have on occasion granted a new trial under the plain error rule, in the absence of an objection, because of highly improper argument which was intended to arouse hatred and prejudice. Calloway v. Fogel, 358 Mo. 47, 213 S.W.2d 405 [7]. In the case before us plaintiff says the court erred in not granting a new trial because of the argument in which the defendant's attorney sought to illustrate the operation of the humanitarian doctrine. Plaintiff says that such injected into the case, and emphasized, her previous negligent acts to her prejudice. No objection was made to that portion of the argument and we are not asked to review the matter under Civil Rule 79.04, V.A.M.R. We have, however, read the entire argument and have definitely concluded that it was not prejudicially erroneous. At no time did defendant's counsel argue that plaintiff's negligence was a defense to her claim. On the contrary, he referred to Instruction No. 2 with the comment that it "states you are not to consider whether or not Mrs. McCormick was negligent." For the reasons stated we rule this point against plaintiff.

The judgment is affirmed.

All concur.