William GRUNDMANN, Plaintiff-Appellant,

v.

Anne Hussey KNEZEVICH, Defendant-Respondent.

No. 33160.

St. Louis Court of Appeals, Missouri.

Jan. 20, 1970.

Harry Roth, Donald M. Witte, Clayton, for plaintiff-appellant.

Moser, Marsalek, Carpenter, Cleary & Jaeckel, Paul S. Brown, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

By this action plaintiff sought to recover damages in the amount of $15,000 for personal injuries and property loss resulting from an automobile collision. The accident occurred at approximately 1:00 A.M., on August 25, 1963, at the intersection of Riverview Boulevard and Florissant Avenues in the City of St. Louis, when plaintiff's car, northbound on Riverview Boulevard, came in contact with defendant's vehicle which had been southbound on Riverview and was turning left to go eastwardly on Florissant. The jury returned a verdict in favor of defendant, and plaintiff appealed from the ensuing judgment.

In her brief defendant states that three of the four points relied on by plaintiff in his brief do not comply with Civil Rule 83.05(e), V.A.M.R. We agree, and as we will presently point out we experience some difficulty in understanding the thrust of plaintiff's first point. However, in the exercise of our discretion we will consider on their merits the matters attempted to be raised.

We quote plaintiff's initial point: "Where, as here, the jury verdict and judgment are unsupported by the evidence which was overwhelming to the contrary, it would be a travesty on justice to allow the verdict to stand." Such an abstract statement falls far short of the requirement of Civil Rule 83.05(e) that, "The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. * * *" We surmise from the argument portion of his brief that plaintiff is of the opinion that the court erred in overruling his motion for a new trial, but we are at a loss to comprehend the "why" of his point. Is he contending that

defendant's evidence was not sufficient to support the verdict in her favor? If so, the burden of persuasion as to defendant's negligence and that such negligence was the proximate cause of plaintiff's injury was on plaintiff and the defendant need not have introduced any evidence in support of a verdict in her favor. Parsons Construction Co. v. Missouri Public Service Co., Mo., 425 S.W.2d 166, 172. Is plaintiff maintaining that the defendant was guilty of negligence as a matter of law? If so, plaintiff is in no position to make such a complaint because he did not file any motion for a directed verdict, and voluntarily took his chances with the jury for a favorable verdict by submitting his several theories of defendant's alleged negligence. Parsons Construction Co. v. Missouri Public Service Co., supra; Stanziale v. Musick, Mo., 370 S.W.2d 261; Heideman v. Lorenz, Mo., 349 S.W.2d 230. Or is it plaintiff's position that the verdict was against the weight of the evidence. If so, plaintiff's " * * * point is without merit because the appellate courts of this state have repeatedly held that they will not undertake to weigh the evidence in jury-tried cases before them on appeal. * * *" McCormick v. Russo, Mo., 432 S.W.2d 302, 303.

Plaintiff's next point is that the trial court erred in giving to the jury Instruction No. 4, pertaining to the right-of-way of a left turning vehicle. The fact is that the Instruction about which plaintiff now complains was offered and given by the court at the behest of the plaintiff. Of course, a party may not complain about an instruction given on his behalf and at his request, Parsons Construction Co. v. Missouri Public Service Co., supra; Birmingham v. Smith, Mo., 420 S.W.2d 514; Brown v. Bryan, Mo., 419 S.W.2d 62.

In his third point plaintiff asserts that the court erred in giving Instruction No. 7, offered and given on defendant's behalf, pertaining to the issue of contributory negligence. The "why" of his complaint, as set forth in the argument portion of his brief, is "The plaintiff does not criticize the style or content of the Instruction, but plaintiff contends that the Instruction should not have been given at all, because it is not supported by the evidence." Accordingly, we need not quote the Instruction and instead turn to a consideration of the evidence in the light favorable to defendant, since the verdict was for her. Traffic at the intersection of Riverview Boulevard and Florissant Avenue was controlled by stop lights, the sequence of their operation being that the red light to stop both north and south bound traffic on Riverview appeared at the same time; that the green light, together with a green arrow pointing east, next appeared for southbound traffic desiring to turn left, and to proceed southwardly, with the red light for northbound traffic remaining on during the period the green arrow for left-turning southbound traffic was on; and that when the green arrow (but not the green light) for southbound traffic disappeared the the green light for northbound traffic then came on. Defendant's version of the occurrence was that, being southbound on Riverview, the left-turn green arrow was on as she proceeded through the left turn lane on Riverview and entered the intersection; that at the time defendant entered the intersection and started to make a left turn plaintiff's northbound car was stopped at the stop sign; that plaintiff had turned left and had proceeded to a point almost in the middle of the intersection when plaintiff started up from his stopped position, drove forward, and the collision occurred. Plaintiff conceded on cross-examination that he never saw the defendant's car before the accident occurred. In short, according to defendant's evidence, the stop lights were in her favor and against the plaintiff when defendant entered the intersection and began her left turn, and while plaintiff was in the course of making her left turn defendant started up his car from a stopped and safe position, causing it to come into contact with defendant's vehicle, which plaintiff admitted he never saw

before the collision occurred. We are of the opinion that there was sufficient evidence to justify defendant's submission to the jury of the issue of plaintiff's contributory negligence.

Plaintiff's final point concerns a matter which first arose during his voir dire examination. Prior to beginning his voir dire examination, and out of the hearing of the prospective jurors, plaintiff's counsel requested leave to inquire whether any members of the jury or members of their immediate family had ever been employed by or had a financial interest in the Allstate Insurance Company. Defendant's counsel's response was that Allstate had a financial interest in the case and that he had no objection to the question as plaintiff had stated it. During his voir dire examination plaintiff's counsel made the inquiry proposed, to which no response was made by any member of the panel. At the end of his voir dire examination plaintiff's counsel, out of the hearing of the prospective jurors, made the following request:

> "Your Honor, at this time I'm asking the Court's permission to ask that Mr. Tom Myer be identified as an individual, not as associated with the company he works for, if he does sit in this court for any great length of time during the course of this trial since I believe the plaintiff may be prejudiced if Mr. Myer who is a claim supervisor for the Allstate Insurance Company would sit in this courtroom the jury or members of the jury panel who may know Mr. Myer would immediately connect his relationship and form a biased and prejudicial opinion against the plaintiff. Therefore, I'm asking the right to identify Mr. Myer if he does remain in the courtroom for any extended period of time. He is not in court at the present time."

Defendant's counsel objected, and the court, after discussing plaintiff's request, denied it. After the trial had begun and out of the hearing of the jury plaintiff's counsel stated to the court that Myer had then been present in the courtroom for the preceding one hour and ten minutes, and renewed his request " * * * to identify this individual at least as to his name only and not to his employment affiliation * * *," which request was again objected to by defendant's counsel and denied by the court. Subsequently plaintiff twice more renewed his request, pointing out that defendant's counsel had conferred with Mr. Myer in open court, which requests were likewise denied, as were plaintiff's motions for a mistrial. Plaintiff asserted in his post-trial motions that " * * * the jury was biased and prejudiced against the plaintiff by the presence of Claims Adjuster Tom Myer * * *," that Myer had been present throughout most of the trial, had been seen by the jury to confer with defendant's counsel and to take notes, and that " * * the continued presence of Tom Myer, baised (sic) and prejudiced the jury against the plaintiff, * * *." We have carefully read and re-read plaintiff's post-trial motions, and, while they contain a lengthy recitation as to plaintiff's counsel's repeated requests and the surrounding facts, are unable to find anywhere thereon any complaint that "The court erred in denying plaintiff's request to identify Myers," or any other language to that effect. Such a complaint is, however, set forth in plaintiff's brief.

██ No citation of authorities is necessary to support the proposition that a party to a suit is entitled to have it tried by a fair and impartial jury, and that the very purpose of the voir dire examination is to enable a party to select such a jury. Accordingly, while the voir dire examination is conducted under the supervision and direction of the trial court, and the nature and extent of the examination and what questions may or may not be answered must necessarily be left largely to the sound discretion of the court, the exercise of which will not be interfered with unless clearly abused, Handshy v. Nolte Petroleum Co., Mo., 421 S.W.2d 198; Wright v. Chicago,

Burlington & Quincy RR Co., Mo., 392 S.W.2d 401; Faught v. St. Louis-San Francisco Ry. Co., Mo., 325 S.W.2d 776; it is recognized that in the interest of securing a fair and impartial jury counsel should be given a wide latitude as to the questions propounded. Wright v. Chicago, Burlington & Quincy RR Co., supra.

We are of the opinion that the trial court should have permitted plaintiff on voir dire to inquire whether any member of the panel knew Myer. Faught v. St. Louis-San Francisco Ry. Co., supra. Had any venireman answered in the affirmative, plaintiff would then have had the right to inquire whether in view of that fact he could try the case fairly. However, while plaintiff alleged in his post-trial motions that the jury was biased and prejudiced against the plaintiff by the presence of Myer no proof of that allegation was adduced at the hearing on plaintiff's post-trial motions. In fact, in his motions plaintiff did not allege that any juror knew Myer, and in support of his motions plaintiff presented no evidence at all, much less any evidence that any juror was biased in favor of Myer and against plaintiff. A similar situation arose in Morris v. Duker, Mo., 414 S.W.2d 77, 81, where on voir dire examination plaintiff had not been permitted to inquire whether any prospective juror held a policy of insurance in State Farm Mutual Automobile Insurance Company, and the court ruled:

"If the inquiry had been allowed it would have been proper. McCollum, [McCollum v. Shubert, Mo.App., 185 S. W.2d 48] supra. The better practice would be to allow such an inquiry. If a venireman is a policyholder the plaintiff has a right to inquire whether in view of that fact he could try the case fairly. McCollum, supra. The refusal to permit inquiry whether any panel member was a policyholder, however, does not constitute an abuse of discretion requiring us to upset a verdict and judgment, in the absence of an allegation in the motion for new trial, and proof at the hearing, or an admission, that in fact one or more of the jurors empanelled was a policyholder, and showing that plaintiff was prejudiced by the ruling. There was no such allegation in the motion for new trial, and this fact was not admitted by defendant. The record does not show that evidence was taken on the motion for new trial, or that any of the jurors in fact were policyholders or that any of them had any interest in the outcome of the case, not even a minute or remote interest. No prejudicial error in this connection has been established under these circumstances."

And to the same effect see Faught v. St. Louis-San Francisco Ry. Co., supra. The point is ruled against plaintiff.

Accordingly, the judgment is affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.