**Mark P. JOHNSON, Appellant,**

v.

**Otto MANWARREN, Respondent.**

**No. 25392.**

Kansas City Court of Appeals, Missouri.

Dec. 6, 1971.

Galen Knowlton and Michael J. Drape, of Knowlton & Drape, Kansas City, for appellant.

Norman O. Sanders and C. Thomas Carr, of Sheridan, Sanders, Carr & White, Kansas City, for respondent.

HOWARD, Judge.

This is a damage suit growing out of an automobile collision which occurred in the vicinity of 75th and Wornall in Kansas City, Missouri. The automobile driven by defendant crashed into the rearend of the automobile driven by plaintiff when both were proceeding in a northerly direction on Wornall. In view of the issues presented and the disposition made thereof, no factual statement is required.

At the conclusion of a jury trial, the plaintiff submitted his cause on the rear-end doctrine and the defendant submitted an instruction on contributory negligence requiring the jury to find that "plaintiff suddenly stopped his automobile on the highway without first giving an adequate and timely warning of his intention to stop." The jury returned a verdict for defendant and plaintiff has duly appealed to this court.

Plaintiff's brief in this court presented only one issue. His one "Points and Authorities" reads in its entirety as follows: "The Court Erred In Giving Defendant's Instruction No. 7." This "Point" does not attempt in any manner to advise the court the reasons why the giving of such instruction was erroneous. Because of this failure, the plaintiff is in complete and absolute violation of Civil Rule 83.05(e), V.A.M.R. This rule requires that "The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state *why it is contended the Court was wrong* in any action or ruling sought to be reviewed." (Emphasis added) The point set out in plaintiff's brief wholly fails to state "why it is contended the Court was wrong." Because of this omission, this point presents nothing for our review. The appellate courts of this state have so held repeatedly and over an extended period of time. See, among the many cases, Meierotto v. Thompson, 356 Mo. 32, 201 S.W.2d 161; Ambrose v. M.F.A. Co-operative Ass'n, Mo., 266 S.W.2d 647; Norman v. Jefferson City Coca-Cola Bottling Co., Mo.App., 211 S.W.2d 552; E. A. Mabes and Company v. Fishman, Mo.App., 284 S.W.2d 21; and Lewis v. Watkins, Mo.App., 297 S.W.2d 595. Because nothing is preserved for our review, this appeal must be dismissed.

In the argument portion of his brief plaintiff contends that there was no evidence to support the requirement of Instruction No. 7 that the jury find as a prerequisite to a verdict for defendant that the plaintiff failed to give an "adequate and timely warning of his intention to stop." We have gratuitously examined the record and have determined that this contention is without merit. The defendant's testimony gave adequate support for the giving of this phase of the instruction and for the jury's finding in accordance therewith.

Accordingly, this appeal is dismissed.

All concur.