**ASSOCIATES DISCOUNT CORPORATION OF IOWA, Appellant-Respondent,**

**v.**

**Bert FITZWATER and W. E. Keith, d/b/a Keith Implement Company, Appellants-Respondents.**

**Nos. KCD 26163, KCD 26156.**

Missouri Court of Appeals, Kansas City District.

Dec. 2, 1974.

Motion for Rehearing and/or Transfer Denied Jan. 28, 1975.

L. E. Atherton, Milan, for appellant-respondent Associates.

P. M. Marr, Milan, Eugene E. Andereck, Terry M. Evans, Pickett, Andereck, Hauck & Sharp, Trenton, for appellants-respondents Fitzwater.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

DIXON, Chief Judge.

This case involves cross appeals in a suit on a note tried to a jury. The appeals have been consolidated. Plaintiff is Associates Discount Corporation of Iowa; defendants are Bert Fitzwater and W. E. Keith, d/b/a Keith Implement Company. Keith defaulted, and the jury returned a verdict in favor of the defendant Fitzwater. The trial court sustained Associates' motion for a new trial on the sole ground of error in the giving of Fitzwater's instruction on the affirmative defense of a lack or failure of consideration. Fitzwater appeals that ruling, and Associates appeals from the action of the trial court in denying summary judgment, judgment on the pleadings, motion for a directed verdict and the refusal of an instruction.

The facts so far as relevant to the appeals may be summarized thusly. Defendant Fitzwater who had previously been employed by Keith Implement Company as a used car salesman met with Keith and Lytle, the agent of plaintiff Associates, May 27, 1966 on the premises of Keith Implement. There is no dispute Fitzwater agreed to purchase a 1966 John Deere tractor. Lytle drew the papers which the parties agree consist of a note and chattel mortgage in one document. The note portion recites a down payment in cash of $2,723.56, but Fitzwater denies any such payment was made. There was no testimony contradictory to that assertion. The tractor was on the premises, but was equipped with a loader which was not a part of the purchase; the loader was to be removed and the tractor delivered. The tractor was never delivered, and Fitzwater did not make any payment. Associates received the initial seasonal payment, but could not identify the payors. The record of the payment shows it was made at three separate times by two bank drafts and a personal check. There is some indication Keith made this payment. Fitzwater, shortly after the deal was made, received a receipt for delivery of the tractor which he returned with a notation he had never received the tractor. Fitzwater testified Keith told him the tractor had been sold to someone else, but Fitzwater was never able to determine, nor does the entire record disclose who eventually received possession of the tractor. The note and security instrument recite that delivery of the tractor had been made to Fitzwater. The assignment of the paper to Associates was accomplished immediately upon Fitzwater signing, in the presence of Lytle, Associates' agent, and prior to delivery. So far as affirmatively appears, Keith never had physical possession of the note, except to endorse it to plaintiff. The payment to Keith for the assignment of the note was in two checks, one payable to Associates for credit on Keith's "floor plan" and one to Keith.

Turning first to the appeal of the plaintiff Associates, the defendant Fitzwater has briefed and argued, under two points, defects in briefing by Associates. Fitzwater argues that Associates' brief fails to comply with Rule 84.04(d), V.A.M.R., and that the purported points raised preserve nothing for review. There is no doubt that Fitzwater's claim as to noncompliance

the points, save the error on the denial of with Rule 84.04(d) is correct as to all of the motion for summary judgment, and that point is not properly preserved for review.

■ The points in Associates' brief dealing with the denial of the motions for directed verdict, for judgment on the pleadings, and the claim of error in the giving of the instruction are blatantly violative of the letter and spirit of Rule 84.-04(d). They are abstract statements which require this court to become Associates' counsel and search the record to determine the relationship of the abstract statement to the action of the trial court. Troyer v. Click, 457 S.W.2d 221, 224 (Mo.App.1970). Direction to counsel on the requirements of Rule 84.04(d) has not been lacking. Grundmann v. Knezevich, 449 S.W.2d 874 (Mo.App.1970); Crimi v. Crimi, 479 S.W.2d 195 (Mo.App.1972); State ex rel. State Highway Commission v. Heim, 483 S.W.2d 410 (Mo.App.1972); Johnson v. Manwarren, 474 S.W.2d 342 (Mo.App.1971). Dictating the necessity for strict application of the rule is the manifest unfairness to litigants who comply with the rule having their causes delayed by time-consuming efforts in reviewing points not properly briefed. Kerr v. Ehinger, Inc., 515 S.W.2d 763 (handed down November 4, 1974).

■ On the issue of the denial of the motion for summary judgment, the transcript does not contain the motion, and it is thus impossible to tell if the requirements of Rule 74.04 were met. A notice that such a motion would be taken up is shown. That notice was filed June 28 for a hearing July 7, nine days later. Rule 74.04(c) provides the *motion* shall be served "at least" ten days prior to hearing. Thus, even if the notice were construed as the motion itself, it fails to comply with the requirement of such service ten days prior to hearing. The plaintiff-appellant has the responsibility for insuring that the transcript as filed contains the necessary record to permit review.

Plaintiff Associates, not having properly raised or preserved the points of its appeal, can receive no relief on that appeal.

On the issue raised by the defendant Fitzwater that the trial court erred in sustaining plaintiff's motion for a new trial, the issue briefed in this court is very narrow. The trial court order was on the sole ground that the giving of defendants' instruction No. 4 was error. The instruction submits the defendants' pleaded affirmative defense theory that there was no consideration for the agreement.

The court gave a correct burden of proof instruction, MAI No. 3.01 modified, which imposed upon the defendants the burden of proof of the affirmative defense under the challenged instruction.

■ The trial court order as noted was that the grant of a new trial to the plaintiff was on the ground "of error in giving of instruction # 4." The trial court order, made more than thirty days after return of verdict and entry of judgment, must be considered as predicated upon the ground of error properly asserted in the motion for new trial. Goodman v. Allen Cab Co., 360 Mo. 1094, 232 S.W.2d 535, 539 (1950). The only specific ground of error asserted in the new trial motion was that there was "no competent evidence on which to base the instruction." Defendant Fitzwater as appellant and plaintiff Associates have joined issue on the ground thus presented, and no other ground of error in the instruction has been briefed or argued here. Nor could any other ground of error be urged since the other portions of the motion addressed to the instruction were too general to preserve anything for appellate review.

Defendant Fitzwater urges that the trial court's order was error since the evidence is uncontroverted that Fitzwater did not receive the tractor which constituted the consideration for the retail sales contract.

■ Associates' brief in the point relied on asserts that the trial court's action was

proper because "there was no competent" evidence on which to base such an instruction. The argument supporting this proposition is far from clear. In a subpoint, Associates says, "Defendant could read the contract and did read it and is bound by its terms." This subpoint and the argument subsumed under it in the brief have no relevance to the point relied on, that there was no evidence to support the instruction.

Associates cites no authority to support the argument, and it requires no further consideration.

As best the balance of the argument under this point can be understood, it urges (1) that the evidence relied on by Fitzwater was not admissible as "it was an attempt to vary the terms of a written instrument by parol," and (2) that Fitzwater agreed under the terms of the contract not to raise any claim against the dealer Keith as a defense to actions brought by an assignee.

On the issue raised as to parol evidence, the parol evidence rule does not permit the introduction of evidence to vary the terms of a written agreement. Even so, the specific evidence here in question was admissible and that precise issue has been determined under our case law. In re Kenage's Estate, 3 S.W.2d 1041 (Mo. App.1928), was a suit by an executor on a promissory note. The defense urged that the note was without consideration. The executor on appeal argued that any evidence in support of that defense would violate the parol evidence rule because it would be contrary to the express terms of the note. In rejecting that argument, the court held:

> "If the note was given, as defendants' evidence tends to show, then it was without consideration, and the evidence offered by defendants to show lack of consideration was competent." (l. c. 1042)

This case is dispositive of the argument made by Associates as to the competency of the evidence.

The second issue raised by Associates, that Fitzwater had waived the defense by written agreement, rests on Section 400.9–206 RSMo 1969, V.A.M.S. Associates argues that Section 400.9–206 RSMo 1969, V.A.M.S., and the agreement in the mortgage not to set up defenses against an assignee show error in the given instruction. This argument is completely circular. It assumes Associates was a holder in due course. The pleading and proof by Fitzwater was that there never was a delivery of the stated consideration for the note—the tractor. The evidence is clear and uncontradicted that Associates' agent, Lytle, knew that fact when the assignment was made. Associates cannot, under that pleading and proof, be a holder in due course.

The section cited, in relevant part, is:

> ". . . , an agreement by a buyer or lessee that he will not assert against an assignee any claim or defense which he may have against the seller or lessor is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, . . ."

The statute in terms does not preclude a defense by the maker of which the assignee has notice.

Having determined that there was evidence to support the instruction, the action of the trial court in granting a new trial must be reversed and the cause is remanded with directions to enter judgment for the defendant on the jury verdict.

SHANGLER and WASSERSTROM, JJ., concur.

TURNAGE, J., not participating because not a member of court when cause was submitted.