Pearline JOHNSON, Claimant–
Respondent,

v.

RIVER OAKS NURSING HOME, and
Hartford Insurance Co., Employer–
Insurer–Appellants.

No. 19186.

Missouri Court of Appeals,
Southern District,
Division Two.

March 25, 1994.

Richard A. Day, Kortenhof & Ely, P.C., St. Louis, for employer-insurer-appellants.

John M. Beaton, Welman, Beaton, Williams & McVey, Kennett, for claimant-respondent.

FLANIGAN, Presiding Judge.

This is a proceeding under the Workers' Compensation Law, § 287.010,[1] et seq. The Labor and Industrial Relations Commission entered an award for permanent total disability and other benefits in favor of the employee Pearline Johnson, respondent here, and against her employer and insurer, appellants here.

Appellants' sole point reads:

"I. That the Labor and Industrial Relations Commission erroneously refused to apportion liability for Ms. Johnson's disability to the second injury fund. The decision of the commission should be overturned." Appellants' point is defective.

With exceptions not applicable here, Rule 84.13 reads, in pertinent part: "[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal." Rule 84.04 contains the requirements for contents of the brief for appellants. Rule 84.-04(d) reads, in pertinent part: "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." In this case the actions or rulings sought to be reviewed are those of the Commission.

In *State v. Gordon,* 842 S.W.2d 577 (Mo. App.1992), a prohibition proceeding, this court said, at 578:

"The purpose of Rule 84.04(d) and the requirements for compliance are set forth in the leading case of *Thummel v. King,* 570 S.W.2d 679, 684–87 (Mo. banc 1978). A point relied on, after identifying the allegedly erro-

---

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

neous ruling of the trial court, must specify why the ruling was erroneous. *Id.* at 685. This requirement contemplates a statement which ordinarily will closely approximate what appellant believes should have been the trial court's conclusion of law on the point being addressed. *Id.* After stating why the ruling was erroneous, the point must then explain wherein the testimony or evidence gives rise to the ruling for which appellant contends. *Id.*"

Exercising its discretion, this court has examined the record for possible "plain error." Rule 84.13(c). Even if appellant's point had been properly stated, there is no error, plain or otherwise.

■ "In all cases in which a recovery against the second injury fund is sought for permanent partial disability, permanent total disability, or death, the state treasurer as custodian thereof shall be named as a party, and shall be entitled to defend against the claim...." § 287.220.2.

The procedures relating to claims under the Workers' Compensation Law are set forth in 8 CSR 50–2.010 of the Code of State Regulations. Paragraph (11) of 8 CSR 50–2.010 reads, in pertinent part:

"(11) If the parties fail to agree the employee or dependent(s) shall file claim for compensation on Form 21, Claims for Compensation.... The claim must be filed in such duplication as to provide the division and each employer and insurer names (sic) (and the attorney general in case of Second Injury Fund claim) with a copy, ... Claim against the Second Injury Fund must be asserted affirmatively by the claimant and cannot be made by any other party to the claim, on motion or otherwise. Simply naming the state treasurer as a party is not, in itself, sufficient to show claim against the fund; injuries claimed to create fund liability must be specifically set forth. Claim against an employer/insurer and the Second Injury Fund are against two (2) separate parties defendant and the assertion of a claim against one is not in itself an assertion against the other."

The claim for compensation, Form 21, filed by respondent, left blank that portion of the form, found on the bottom half of the reverse side of the form, where a "Claim Against The Second Injury Fund" must be stated. Thus, no recovery against the second injury fund was sought by respondent, and the state treasurer, as custodian of the fund, was not named as a party. The Commission, in this proceeding, lacked jurisdiction to apportion liability to the second injury fund.

The order of the Commission is affirmed.

PREWITT and CROW, JJ., concur.