**Donald Edward ROSS, Appellant,**

v.

**Bonnie L. ROSS, Respondent.**

No. 19357.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 7, 1994.

Steven Privette, Willow Springs, for appellant.

Don M. Henry, Henry, Henry & Engelbrecht, P.C., West Plains, for respondent.

MONTGOMERY, Judge.

The marriage of Appellant Donald Ross and Respondent Bonnie Ross was dissolved in June 1987. Respondent filed a Motion for Contempt in March 1992, alleging Appellant was in arrears on his maintenance payments. In April 1992, Appellant answered and counterclaimed seeking a reduction or termination of his maintenance obligation. The trial court held that a substantial change in circumstances had occurred and reduced Respondent's $900 monthly maintenance award to $800.

Here, Appellant seeks a greater reduction in his maintenance obligation, if not its termination. Because Appellant's point relied on violates Rule 84.04(d)[1] nothing is presented for appellate review.

We reproduce verbatim Appellant's sole point relied on:

> The trial court erred in not further reducing or terminating Donald Edward Ross's maintenance obligation in that Bonnie L. Ross is now earning or is capable of earning $792.50 more per month than was contemplated by the trial court at the time of the parties' divorce.

Rule 84.04(d), governing an appellant's point relied on, provides, in pertinent part:

> The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder. . . .

---

1. Rule references are to Missouri Rules of Court (1994).

736

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

 A point relied on must meet three requirements: (1) it must state the trial court's action or ruling about which the appellant complains; (2) it must state why the ruling was erroneous; and (3) it must state what was before the trial court that supports the ruling appellant contends should have been made. *See Carrier v. City of Springfield,* 852 S.W.2d 196, 198 (Mo.App.1993).

 Appellant's sole point does identify the claimed deficiency of the trial court's ruling. Arguably, the point does state "wherein" Appellant believes that the trial court's ruling is erroneous. However, the point fails to state "why" the trial court's ruling is erroneous. Appellant does not set forth any legal basis for his claim that the trial court should have further reduced or terminated the maintenance obligation. For this reason, the point is a mere abstract assertion in that it does not state why the actions or rulings complained about are in error. *See Bentlage v. Springgate,* 793 S.W.2d 228, 230–31 (Mo.App.1990). The court in *White v. White,* 846 S.W.2d 212, 214 (Mo.App.1993), said:

The sufficiency of Appellant's points to preserve an issue for review is governed by certain principles set forth in the leading case of *Thummel v. King,* 570 S.W.2d 679 (Mo.banc 1978). A point relied on, after identifying the allegedly erroneous ruling of the trial court, must specify why the ruling was erroneous. *Id.* at 685. This requirement contemplates a statement which ordinarily will closely approximate what the appellant believes should have been the trial court's conclusion of law on the point being addressed. *Id.* After stating why the ruling was erroneous, the point must then explain wherein the testimony or evidence gives rise to the ruling for which the appellant contends. *Id.*

 In the instant case Appellant's point does not meet the why requirement of Rule 84.04(d). Points relied on that do not comply with requirements of Rule 84.04(d) preserve nothing for review. *Hubbs v. Hubbs,* 870 S.W.2d 901, 908 (Mo.App.1994).

 Our gratuitous review for plain error under Rule 84.13(c) reveals that no manifest injustice or miscarriage of justice resulted from the judgment entered.

Judgment affirmed.

FLANIGAN, J., concurs.

SHRUM, C.J., concurs in the result.