**William A. STROUP, Employee–Appellant,**

v.

**FACET AUTOMOTIVE FILTER COMPANY, Employer–Respondent.**

**No. 20435.**

Missouri Court of Appeals, Southern District, Division One.

March 22, 1996.

Jerome J. Dobson, Weinhaus and Dobson, St. Louis, for employee-appellant.

Bernard C. Rice, Blanton, Rice, Sidwell & Ottinger, Sikeston, for employer-respondent.

GARRISON, Judge.

William A. Stroup (Employee) appeals from a final award of the Labor and Industrial Relations Commission (the Commission) finding that he is entitled to workers' compensation benefits for temporary total and permanent partial disability. The Commission found against him, however, on his claim for permanent total disability.

Employee's claim arose from his exposure to toxic fumes in the course of his employment with Facet Automotive Filter Company (Employer) on September 16, 1989. On that date, Employee experienced nausea, headaches, chest pains, breathing and vision problems, and dizziness after noticing a strong odor in the area of a trash compactor where he was required to work. There was evidence indicating that a chemical compound containing a hazardous component, used by Employer in its manufacturing process, had been placed in the compactor. Employee was initially diagnosed with acute tracheal bronchitis from the inhalation of fumes. A later antibody test confirmed that he had been exposed to the chemical compound used by Employer.

On January 3, 1995, the ALJ found that Employee did sustain an accident arising out of and in the course of his employment on September 16, 1989, and that his asthma and related pulmonary problems, together with his complaints of chest pain (without coronary disease) and short term memory loss, were causally related to the chemical exposure. The ALJ also found that Employee had failed to satisfy his burden of proof on the issue of causation concerning complaints of depression, hypertension, hiatal hernia, reflux esophagitis, prostatitis, nocturia, impotency, hemorrhoids, high cholesterol, carpal tunnel syndrome, and arthralgia or malgias. Employee's award included benefits for temporary total disability as well as a 40% permanent partial disability of the body as a whole.

With regard to Employee's claim for permanent total disability, the ALJ found that not all of his physical and mental complaints were causally related to the chemical exposure, and that the evidence would not support a finding of permanent total disability if the unrelated problems were excluded. The ALJ also found that there was serious doubt that the evidence would support a permanent total disability finding even if most of Employee's physical and mental problems were considered to be causally related. In this regard, the ALJ referred to the fact that Employee had actively participated in a number of physically demanding construction and mechanical projects which were not consistent with an inability to compete in the open labor market, and concluded that Employee could at least perform sedentary jobs.

Employee appealed the decision to the Commission, which entered a final award affirming the award of the ALJ. In doing so, it incorporated the ALJ's findings and conclusions. Employee now appeals the Commission's award.

The three points relied on from Employee's brief are:

POINT I

THE ALJ ERRED IN FINDING THAT APPELLANT IS NOT PERMANENTLY AND TOTALLY DISABLED.

A. APPELLANT PROVED HE IS PERMANENTLY AND TOTALLY DISABLED.

  1.  THE BARNESCARE REPORT.

  2.  EVALUATION OF JAMES ENGLAND.

B. THE ALJ ERRED IN FAILING TO CONSIDER RELEVANT, PROBATIVE, AND UNCONTROVERTED EVIDENCE OF APPELLANT'S PERMANENT AND TOTAL DISABILITY.

C. THE ALJ ERRED IN FINDING THAT APPELLANT FAILED TO PROVE THAT ALL OF HIS PHYSICAL PROBLEMS WERE RELATED TO THE CHEMICAL EXPOSURE.

D. THE ALJ USED THE WRONG ANALYTICAL FRAMEWORK IN ASSESSING APPELLANT'S CLAIM FOR PERMANENT AND TOTAL DISABILITY.

E. THE ALJ HAS PLACED AN IMPOSSIBLE BURDEN OF PROOF UPON APPELLANT WITH RESPECT TO CAUSATION.

### POINT II

THE ALJ ERRED IN TERMINATING TTD BENEFITS ON JUNE 1, 1992.

### POINT III

THE ALJ ERRED IN ADMITTING VIDEO TAPES OF APPELLANT INTO EVIDENCE.

Employer correctly alleges that each of these points violates the requirements of Rule 84.04.[1] Rule 84.04(d) provides that a point relied on "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." These requirements were interpreted in *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978), one of the most frequently cited cases in Missouri, where the court said:

> The dual requirements of Rule 84.04(d) that the point relied on state *wherein* and *why* the action or ruling is claimed to be erroneous are apparently the most common source of error in appellate briefing.

Actually, compliance with these requirements is a matter of common sense if counsel bear in mind the informational purpose of the brief. After stating the ruling the trial court actually made, it stands to reason that the point should then specify *why* the ruling was erroneous. This requirement essentially contemplates a statement which ordinarily will closely approximate what appellant believes should have been the trial court's conclusion of law on the point being addressed. After stating why the ruling was erroneous, the court then must be informed *wherein* the testimony or evidence gives rise to the ruling for which appellant contends.

Cases such as *Ross v. Ross*, 888 S.W.2d 734, 736 (Mo.App.S.D.1994), describe the requirements of Rule 84.04(d) as follows:

> A point relied on must meet three requirements: (1) it must state the trial court's action or ruling about which the appellant complains; (2) it must state why the ruling was erroneous; and (3) it must state what was before the trial court that supports the ruling appellant contends should have been made.

*See also Jones v. Wolff,* 887 S.W.2d 806, 808 (Mo.App.E.D.1994); *Carrier v. City of Springfield*, 852 S.W.2d 196, 198 (Mo.App. S.D.1993); *Bentlage v. Springgate*, 793 S.W.2d 228, 229 (Mo.App.S.D.1990).

     Appellant's points relied on fail to state wherein or why the action complained of was erroneous. Even if Point I(A) could arguably be said to satisfy the "why" requirement by saying that he proved he was permanently and totally disabled, it fails to sufficiently comply with the requirement that it state "wherein" that was so. The reference to the "Barnescare Report" and "Evaluation of James England," even if intended to comply with the "wherein" requirement of Rule 84.04(d), was nothing more than a general reference to evidence and does not inform the court *"wherein* the testimony or evidence gives rise to the ruling for which [Employee] contends." *Thummel v. King*, 570 S.W.2d at 685. The remainder of the

---

1. All references to rules are to Missouri Rules of    Court (1995).

points relied on are clearly general statements of error and violate the "wherein" and "why" requirements of Rule 84.04(d). It is not sufficient to merely set out what the alleged errors are without stating why. *White v. White*, 846 S.W.2d 212, 214 (Mo. App.S.D.1993); *Hoffman v. Koehler*, 757 S.W.2d 289, 292 (Mo.App.S.D.1988).

There are also other deficiencies apparent in Employee's points relied on. His first point attempts to raise several matters of alleged error. A point which contains multifarious claims of error is not in compliance with Rule 84.04(d). *DeCota Elec. & Indus. Supply, Inc. v. Continental Casualty Co.*, 886 S.W.2d 940, 941 (Mo.App.S.D.1994). There is no authority cited in support of the second point. A point presented without citations violates Rule 84.04 and constitutes an abandonment of the point. *See Jordan v. Stallings*, 911 S.W.2d 653, 660 (Mo.App.S.D. 1995); *In re R.M.M.*, 902 S.W.2d 355, 357 (Mo.App.S.D.1995). Additionally, Employee's three points all refer to the findings and action of the ALJ. However, after the Commission has determined an award in a workers' compensation case, the appellate court reviews the Commission's award, not the findings of the ALJ. *Meek v. Pizza Inn*, 903 S.W.2d 541, 543 (Mo.App.W.D.1995); *Bell v. Arthur's Fashions, Inc.*, 858 S.W.2d 760, 762 (Mo.App.E.D.1993). Thus, the rulings identified in Employee's points relied on are not those which we have authority to review. *See Gordon v. Tri–State Motor Transit Co.*, 908 S.W.2d 849, 852 (Mo.App.S.D.1995).

We are also mindful that the Commission is the sole judge of the credibility of witnesses and the weight and value of the evidence. *Id.* We may modify, reverse, remand for rehearing or set aside the award of the Commission only if its actions were unauthorized by law or in excess of its authority, fraudulent, unsupported by the facts as found by the Commission, or unsupported by competent evidence. *Id.;* § 287.495.1, RSMo 1994. In the instant case, we note that there is no indication in any of Employee's points relied on that they are premised on a theory which would authorize relief pursuant to this standard of review.

As stated in *Porter v. Erickson Transp. Corp.*, 851 S.W.2d 725, 737 n. 3 (Mo.App.S.D.1993), "Attorneys undertaking to prepare appellate briefs would be well-served to review Rule 84.04 and the discussion of 'points on appeal' in *Thummel v. King* [citation omitted], and to be mindful that the rule's requirements are mandatory." *See also Blankenship v. Better Business Bureau*, 782 S.W.2d 131, 134 (Mo.App.E.D.1989); A.P. Stone, Jr., *Effective Appellate Briefs*, J.Mo.Bar 80 (Feb. 1959). Strict application of Rule 84.04 is further dictated by the "manifest unfairness to litigants who comply with the rule having their causes delayed by time-consuming efforts in reviewing points not properly briefed." *Associates Discount Corp. v. Fitzwater*, 518 S.W.2d 474, 477 (Mo. App.W.D.1974). An appellate court should not become an advocate for one of the parties in an effort to see if it can find a theory for reversal. *See French v. Tri–Continental Leasing Co.*, 545 S.W.2d 345, 348 (Mo.App. S.D.1976).

The significance of points relied on in an appellate brief is highlighted by the fact that they identify the only issues for consideration on appeal. *Gordon v. Tri–State Motor Transit Co.*, 908 S.W.2d at 852; *Woodfill v. Shelter Mut. Ins. Co.*, 878 S.W.2d 101, 102 (Mo.App.S.D.1994). If the point relied on is insufficient, nothing is preserved for appellate review. *Bentlage v. Springgate*, 793 S.W.2d at 231. Rule 84.13(a) also provides that allegations not properly briefed shall not be considered in any civil appeal.

Warnings have been given that violations of the requirements of Rule 84.04 may result in abandonment of issues or dismissal of appeals. *See Jordan v. Stallings*, 911 S.W.2d at 664, and the cases cited therein. In fact these admonishments have been given for more than twenty years. *See Associates Discount Corp. v. Fitzwater*, 518 S.W.2d at 477.

Violations of the rules of appellate procedure constitute grounds for dismissal of an appeal. *Jones v. Wolff*, 887 S.W.2d at 808. There is no obligation on the court to review briefs which are not in conformity with these rules. *Id.* Our appellate

courts have nevertheless sometimes exercised their discretion pursuant to Rule 84.13(c) [2] and provided a plain error review in an effort to decide cases on the merits. *See Great S. Sav.. & Loan Ass'n v. Wilburn,* 887 S.W.2d 581, 583 (Mo.banc 1994); *Johnson v. River Oaks Nursing Home,* 872 S.W.2d 664, 665 (Mo.App.S.D.1994); *Gill v. Farm Bureau Life Ins. Co.,* 856 S.W.2d 96, 97 (Mo.App.S.D. 1993). This has been done despite the fact that plain error review is rarely resorted to in civil cases, *Brown v. Mercantile Bank,* 820 S.W.2d 327, 335 (Mo.App.S.D.1991), and is generally not appropriate when an appellant fails to identify wherein and why the trial court erred. *Arenson v. Arenson,* 787 S.W.2d 845, 846 (Mo.App.E.D.1990).

■ In the instant case, Employee filed a reply brief but did not respond to Employer's contention that his points relied on were deficient. He has not requested a plain error review and we decline to do so on our own initiative. Because of the violations of Rule 84.04, this appeal is dismissed.

MONTGOMERY, P.J., and BARNEY, J., concur.