Henry Leon **MURPHY**, Respondent–
Employee,

v.

**AETNA CASUALTY & SURETY
CO.**, Appellant–Insurer.

No. 21691.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 1, 1997.

Rex W. Henoch, McAnany, Van Cleave & Phillips, P.A., for Appellant–Insurer.

John C. Banning, Fitsimmons, Schroeder & Nelson, for Respondent–Employee.

MONTGOMERY, Chief Judge.

Aetna Casualty & Surety Co. (Insurer) appeals from a final award of the Labor and Industrial Relations Commission (the Commission) finding that Henry Leon Murphy (Employee) elected coverage for himself as a sole proprietor under § 287.035, RSMo 1994, of the Missouri Workers' Compensation Act. In affirming the award of the administrative law judge, the Commission determined that the "evidence of the parties shows [Employee] elected coverage for himself when he changed the amount of annual payroll subject to workers' compensation premiums."

■ Insurer's brief contains the following two points relied on:

I. The Commission erred in concluding that [Employee] elected to procure workers' compensation insurance for himself as the sole proprietor of Trinity Drilling.[1]

II. The Commission erred in concluding that [Employee] was entitled to workers' compensation benefits from Aetna pursuant to the policy issued to Trinity Drilling.

Employee asserts that each of these points violates the "wherein and why" requirements of Rule 84.04(d)[2] and that such violation warrants dismissal of the appeal. We agree.

Rule 84.04(d) provides that a point relied on "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." The requirements of this rule were interpreted in *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978), where the court said:

> The dual requirements of Rule 84.04(d) that the point relied on state *wherein* and *why* the action or ruling is claimed to be erroneous are apparently the most common source of error in appellate briefing. Actually, compliance with these requirements is a matter of common sense if counsel bear in mind the informational purpose of the brief. After stating the ruling the trial court actually made, it stands to reason that the point should then specify *why* the ruling was erroneous. This requirement essentially contemplates a statement which ordinarily will closely approximate what appellant believes should have been the trial court's conclusion of law on the point being addressed. After stating why the ruling was erroneous, the court then must be informed *wherein* the testimony or evidence gives rise to the ruling for which appellant contends.

■ Stated another way, a point relied on must meet three requirements: "(1) it must state the trial court's action or ruling about which the appellant complains; (2) it must state why the ruling was erroneous; and (3) it must state what was before the trial court that supports the ruling appellant contends should have been made." *Ross v. Ross,* 888 S.W.2d 734, 736 (Mo.App.1994).

■ Insurer's points relied on fail to state wherein or why the Commission erred. It is not sufficient to merely set out what the alleged errors are, as Insurer has done in this case, without stating why the ruling is erroneous. *White v. White,* 846 S.W.2d 212, 214 (Mo.App.1993). Insurer also ignores the wherein requirement by omitting any reference to testimony or evidence which gives

---

1. Employee was the sole proprietor of "Trinity Drilling."

2. Rule references are to Missouri Court Rules (1997).

rise to the ruling for which Insurer contends. *Thummel,* 570 S.W.2d at 685.

■ An insufficient point relied on preserves nothing for appellate review. *Bentlage v. Springgate,* 793 S.W.2d 228, 231 (Mo. App.1990). Violations of Rule 84.04 constitute grounds for dismissal of an appeal. *Jones v. Wolff,* 887 S.W.2d 806, 808 (Mo.App. 1994). Rule 84.13(a) also provides that allegations of error not properly briefed shall not be considered in any civil appeal.

In *Stroup v. Facet Automotive Filter Co.,* 919 S.W.2d 273 (Mo.App.1996), a workers' compensation case, this Court dismissed an appeal from the final award of the Commission because of seriously deficient points relied on. Here, Insurer's points relied on have the same deficiencies as those found in *Stroup.* For example, in *Stroup,* two of employee's points alleged that "[t]he ALJ erred in terminating TTD benefits on June 1, 1992," and "[t]he ALJ erred in admitting video tapes of appellant into evidence." After pointing out that we review the Commission's award, not the ALJ's findings, we said these points relied on are "clearly general statements of error and violate the 'wherein' and 'why' requirements of Rule 84.04(d)." *Id.* at 277. Thus, based on *Stroup,* we find that Insurer's points preserve nothing for review.

■ We decline plain error review in this case. Such review is generally not appropriate where an appellant fails to identify wherein and why the trial court erred. *Stroup,* 919 S.W.2d at 278. Furthermore, Insurer did not respond to Employee's contention that its points relied on were deficient nor has Insurer requested plain error review.

Because of the violations of Rule 84.04, this appeal is dismissed.

PARRISH, P.J., and SHRUM, J., concur.