STATE of Missouri, ex rel., KANSAS POWER AND LIGHT COMPANY, Appellant,

Laclede Gas Company (Intervenor), Appellant,

State of Missouri, ex rel., Mississippi River Transmission Corporation, State of Missouri, ex rel., Monsanto Company, et al., Respondents,

Midwest Gas Users Association, et al., Office of the Public Counsel, Plaintiffs,

v.

The PUBLIC SERVICE COMMISSION OF the STATE of MISSOURI, Respondent–Appellant.

No. WD 41183.

Missouri Court of Appeals, Western District.

May 23, 1989.

concern itself about trifles." Black's Law Dictionary 388 (5th ed. 1979).

Martin J. Bregman, Topeka, Kan., for Kansas Power & Light.

Donald L. Godiner, Gerald T. McNeive, Jr., St. Louis, for Laclede Gas Co.

Richard S. Brownlee, III, Hendren and Andrae, Jefferson City, for Mississippi River Transmission Corp.

Gary D. McConnell, George M. Pond, Robert C. Johnson, Peper, Martin, Jensen, Maichel and Hetlage, St. Louis, for Monsanto Co.

Brad B. Baker, Asst. Public Counsel, Jefferson City, for plaintiff.

Richard W. French, Deputy Gen. Counsel, Douglas C. Walther Asst. Gen. Counsel, Jefferson City, for respondent-appellant.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

TURNAGE, Presiding Judge.

The Public Service Commission issued a report and order finding that it had authority to regulate interstate pipe lines providing direct retail sales to local customers and finding that it did not have jurisdiction over interstate transportation of natural gas by pipe lines to local users. The circuit court affirmed the order in part and re-versed in part. That court found the Commission did not have authority to regulate the direct sale by interstate pipe lines to local customers and affirmed the order that the Commission did not have jurisdiction over interstate transportation of natural gas by pipe lines to local users. Various parties including the Commission have appealed.

This court finds the issues are not ripe for judicial review. Reversed and remanded.

In June of 1985 the Commission established a docket for the purpose of investigating developments in the natural gas transportation industry and the relevance of such developments to the regulation of natural gas companies in Missouri. The Commission allowed various parties to intervene.

A number of parties filed a joint recommendation with the Commission suggesting that a task force be formed to report on developments and information relevant to the subject matter of the docket. Various parties filed comments and legal memoranda with the Commission concerning the task force report.

On April 20, 1987, the Commission adopted a report and order in which it took up the legal question of its jurisdiction to regulate direct retail sales to local customers by interstate pipe line companies and its jurisdiction over interstate transportation of natural gas by pipe lines to local users. The report and order is a review of the law touching on those two subjects. The Commission examined various federal laws and court decisions before reaching its conclusion.

The Commission did not hear testimony from any witnesses so there is no transcript of any hearing before the Commission. The record in this court consists only of the report and order made by the Commission and various documents filed in the circuit court in the course of its consideration of the writ of review.

There is nothing in the record to indicate that any interstate pipe line company had undertaken to make direct retail sale of natural gas to any local customer. Nor, is

there anything in the record to indicate any controversy over the question of whether or not the Commission has jurisdiction over interstate transportation of natural gas by pipe lines to local users.

Although the report and order contains headings "findings of fact" and "conclusions of law" the report and order contains only a discussion of the issues and the legal arguments and authorities which bear on a resolution of such issues. The report and order is similar to an opinion by a court but without a factual basis for a discussion of the legal issues.

Mississippi River Transmission Corporation, Williams Natural Gas Company, and Arkla Inc. raise in their brief the viability of the report and order because it was adopted pursuant to a recommendation which was not agreed to by all of the parties contrary to this court's decision in *State ex rel. Fischer v. Public Service Com'n,* 645 S.W.2d 39 (Mo.App.1982). In response to that contention the Commission has suggested that perhaps the issues decided by the report and order are not ripe for judicial review. The Commission states that no private interest of any of the parties were affected by the Commission's decision regarding its jurisdiction. It states the order merely contained a determination regarding the extent of the Commission's jurisdiction and the order did not have the effect of a rule or regulation. Further, the Commission states that it made no attempt to enforce its order against any party and the order did not mandate that any party alter its conduct or risk facing a penalty. The Commission cites *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). In *Abbott,* the court stated:

> Without undertaking to survey the intricacies of the ripeness doctrine it is fair to say that its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

*Id.* at 148–149, 87 S.Ct. at 1515. The court further stated that judicial review of administrative decisions would be appropriate when "a regulation requires an immediate and significant change in the plaintiffs' conduct of their affairs with serious penalties attached to noncompliance,...." *Id.* at 153, 87 S.Ct. at 1518.

■ The ripeness doctrine in Missouri is much the same as stated in *Abbott.* In *Buechner v. Bond,* 650 S.W.2d 611, 614[8–10] (Mo. banc 1983), the court stated:

> In order that a controversy be ripe for adjudication a "sufficient immediacy" must be established. *Nations v. Ramsey,* 387 S.W.2d 276, 279 (Mo.App.1965). Ripeness does not exist when the question rests solely on a probability that an event will occur. *Lake Carriers Ass'n v. MacMullan,* 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972).

It is apparent that the report and order does not present any issues which are ripe for judicial determination. As the Commission points out, the order does not affect the rights of any party, does not impose any obligation upon any party, nor does it require any party to act or refrain from acting at the peril of some penalty. There is no direct or immediate affect on the interest of any party as a result of this order. For all that appears the order is a determination by the Commission of pure legal questions divorced from any application to a set of facts.

Under *Abbott,* in order to gain judicial review of an administrative order, it is necessary to show the effect of the order is felt in a concrete way by a challenging party or show the adoption of a regulation which would require an immediate and significant change in a party's conduct at the risk of serious penalties for non-compliance. None of these elements appear in this case. Further, there is no immediacy under the test in *Buechner* because there is no showing that any party has taken or is about to undertake any action covered by the report and order.

■ The determination by the Commission as to its jurisdiction and authority over

the two questions decided would be a proper exercise of the Commission's power to determine its own jurisdiction if such questions were taken up in the context of an actual dispute. The Commission does have the power in the first instance to determine administratively its own jurisdiction when a statute is reasonably open to construction. *State ex rel. and to Use of Public Service Com'n v. Blair*, 146 S.W.2d 865, 874[17, 18] (Mo. banc 1940). However, the Commission may not promulgate declarations of law in the abstract because the Commission "has no power to expound authoritatively any principle of law or equity...." *Lusk v. Atkinson*, 268 Mo. 109, 186 S.W. 703, 705[1] (banc 1916).

The Commission can make use of its research and legal reasoning if the questions addressed in the report and order are presented in a factual context requiring the resolution of an actual controversy. However, the report and order should not have been promulgated as an order when it did not address a live dispute. The result is a pure declaration of law which is beyond the power of the Commission and which does not present issues ripe for judicial resolution.[1]

The judgment of the circuit court is reversed and this cause is remanded with directions to enter a judgment declining to review the report and order because no justiciable issue is presented which is ripe for review.

---

1. No view is expressed herein as to the correctness of the report and order on the legal questions considered.