**STRAETER DISTRIBUTING, INC.,**
Plaintiff/Appellant/Cross–
Respondent,

v.

**FRY–WAGNER MOVING & STORAGE COMPANY, INC.,** Defendant/Respondent/Cross–Appellant.

Nos. 62621, 62676.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 14, 1993.

Claude Hanks, Chesterfield, for appellant.

Mark D. Pasewark, Virginia G. Pasewark, St. Louis, for respondent.

GRIMM, Presiding Judge.

Seller sued buyer for specific performance of a contract and for breach of that contract. Buyer counterclaimed seeking specific performance of that contract and damages. After a bench trial, the trial court entered judgment giving each party specific directions to perform the contract and awarded seller damages. Seller appeals; buyer cross appeals. We dismiss seller's appeal for failure to comply with Rule 84.04; we modify the judgment and affirm.

## I. Background

In 1988, buyer agreed to purchase four trailers from seller. Buyer specified a number of the trailers were to include optional features. One option required the trailers to be equipped with 60,000 pound dock levelers; this device raises the trailer to the level of a loading dock.

Buyer received three of the four new trailers, but only received title to two. Two of the trailers received were equipped with 40,000 pound dock levelers instead of 60,000. Also, the paint began flaking off the trailers soon after delivery.

In part payment, buyer was to trade-in pieces of used equipment. Buyer never delivered one of the used trailers it was to trade in. Also, buyer refused to turn over title to two trailers.

## II. Seller's Brief

Seller's brief sets forth the following as its points relied on:

I.  After substantial performance by seller, and default by buyer by failing to pay and perform in like kind, specific performance is not available to the breaching buyer.

II.  Under Missouri law, an Implied Warranty of Merchantability, as in this case, U.C.C. does not permit damages for trivial cosmetic defects which do not impair the value of the goods for which they are purchased, i.e., the paint on beds of the trailer.

III.  Damages for breach of an express warranty in a contract for sale of goods cannot be awarded in the absence of

substantial evidence that the actual value of merchandise received was less than the value as represented by the seller, i.e., the difference in values before and after.

IV. The trial court is compelled to apply principles of equity to compute damages arising from a breach of contract not specifically addressed by U.C.C., and the trial court erred in failing to do so in this case.

■■■ Rule 84.04(d) requires that points relied on "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." "The three components of a point relied on are (1) a concise statement of the challenged ruling of the trial court, (2) the rule of law which the court should have applied, and (3) the evidentiary basis upon which the asserted rule is applicable." *Hoffman v. Koehler,* 757 S.W.2d 289, 292 (Mo.App.S.D.1988). Appellate courts have no obligation to review briefs which are not in conformity with the rules. *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978).

■■ Seller's points relied on are simply abstract statements of law. The points do not state what ruling of the trial court is challenged, nor do they provide the proper evidentiary basis. Such statements preserve nothing for appeal. *Draper v. Aronowitz,* 695 S.W.2d 923, 923–24 (Mo.App.E.D.1985). Seller's points simply do not meet the requirements of Rule 84.04(d).

In addition, the brief does not contain either a proper jurisdictional statement or statement of facts. The jurisdictional statement does not "set forth sufficient factual data" as required by Rule 84.04(b). The statement of facts is not "a fair and concise statement of the facts relevant to the questions presented for determination." Rule 84.04(c).

Seller's appeal is dismissed.*

---

* As best we could, we gratuitously reviewed seller's points based on its arguments and our un-

## III. Buyer's Cross Appeal

Before reaching buyer's points, we address buyer's contention that the trial court erred in entering any judgment against it. It contends that seller's agreement was with Fry–Wagner Industrial Movers, Inc., a Missouri corporation separate from the named defendant, Fry–Wagner Moving & Storage Company, Inc. As a result, it argues the judgment against it should be reversed.

We first note that the written "agreement" indicates that the sale is between Straeter Distributing Co. and "Fry–Wagner." On the line next to the words "Ordered by" appear the handwritten words "Fry–Wagner R.S.Fry." This agreement does not support buyer's contention.

Second, buyer's exhibit V shows that the tires buyer supplied the trailers' manufacturer for the trailers were sold to "Fry–Wagner Moving & Storage." This exhibit does not support buyer's contention.

Finally, we observe that buyer filed a counterclaim against seller. Although the counterclaim made reference to Fry–Wagner Industrial Movers, Inc., it brought the counterclaim in the name of Fry–Wagner Moving & Storage Company, Inc. Buyer's contention is denied.

We turn now to buyer's cross appeal which alleges four points of error. Specifically, buyer contends that the trial court erred in (1) failing to award a credit for a previous amount due from seller, (2) failing to award damages for incorrectly placed equipment, (3) incorrectly assessing damages for the replacement of dock levelers, and (4) ordering specific performance by buyer before ordering performance by seller.

### A. Credit Balance

For its first point, buyer alleges the trial court erred in failing to award a $947.50 credit for a previous amount due from seller.

In Count I of its counterclaim, buyer pled that it had a credit balance with seller of $947.50. Virgil Straeter of Straeter Distributing testified that buyer had a credit bal-

---

derstanding of what they mean. We found no merit in any of them.

ance of $947.50. He said this credit balance "was generated prior to this deal."

The amount is not contested; buyer is entitled to receive this credit. Pursuant to Rule 84.14, we modify paragraph F on page 9 of the trial court's judgment to reflect that buyer owes seller $5,343.95 plus interest instead of $6,291.45 plus interest.

### B. Equipment

For its second point, buyer alleges the trial court erred in failing to award damages for incorrectly placed equipment.

■ Buyer's agent testified that he believed certain equipment was incorrectly placed, lowering the value of the trailers. However, the president of the company which manufactured the trailers and installed the equipment testified that the equipment was properly placed. Where there is conflicting evidence, we defer to the trial court's ruling. *See Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Point denied.

### C. Dock Levelers

For its third point, buyer asserts that "the trial court erred in awarding $1,500.00 apiece for the dock levelers rather than $2,500.00 apiece."

As with the previous point, the evidence was conflicting. Buyer's agent valued the replacement of dock levelers at $2,500.00 each. However, buyer's agent also testified that he had replaced dock levelers in the past. The agent thought the price of the levelers is "approximately" $1,400.00 plus labor, shipping, and installation. Again, we defer to the trial court's ruling on conflicting evidence. Point denied.

### D. Specific Performance

For its final point, buyer alleges "the trial court erred in ordering performance by [buyer] prior to performance by [seller], because if specific performance is ordered, the party or parties requesting specific performance must first tender full performance themselves." Specifically, buyer alleges the trial court erred in requiring it to tender a used trailer before requiring seller to tender a corresponding trailer.

 Buyer attempts to support its argument by citing the general rule that a party seeking specific performance must perform all of its obligations under the contract before a trial court will grant this remedy. *Flath v. Bauman,* 722 S.W.2d 125, 128 (Mo. App.E.D.1986). Buyer contends that the ruling of the court should require the party seeking specific performance to tender its performance first.

■ Buyer's argument misses the mark. Buyer also sought specific performance of the same agreement. Buyer cannot request specific performance and then condition its compliance on some action of the other party. Point denied.

The trial court's judgment, as modified, is affirmed.

CARL R. GAERTNER and AHRENS, JJ., concur.