**Alan JONES, Appellant,**

v.

**Donald L. WOLFF, Respondent.**

No. 65848.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 6, 1994.

Alan Jones, pro se.

Donald L. Wolff, pro se.

GARY M. GAERTNER, Judge.

Appellant, Alan Jones, appeals from a judgment entered in favor of respondent, Donald L. Wolff, in St. Louis County Circuit Court. We dismiss appellant's appeal.

On September 26, 1990, appellant retained respondent to represent appellant's son ("son") on a criminal charge. Three days later appellant signed over to respondent a check for $1,000 to cover all time and expenses relating to respondent's representation of son. The case eventually proceeded to trial, where son was found guilty of an infraction and ordered to pay a $200 fine and $30 in restitution.[1]

Appellant, unhappy with this result, filed a *pro se* petition in small claims court, alleging breach of contract, negligence, misrepresentation and incompetence on respondent's part and asking for damages of $1,500. On August 9, 1993, judgment was entered on the merits in favor of respondent.

Appellant sought and received a trial de novo in the St. Louis County Circuit Court. The case was assigned to Division 36 before Judge Whittington, where appellant filed a written motion requesting that the court issue written opinions on all its rulings in the event appellant wished to take the case up on appeal. Appellant also moved for disqualification of Judge Whittington, which she granted; the case was transferred to Division 31, Judge Crancer presiding. At the trial de novo, held January 31, 1994, all motions made were oral, and all were denied. Judgment was entered for respondent on February 3, 1994. Appellant's motion for reconsideration and for a new trial was denied after a hearing. This appeal followed.

Notice of appeal was filed with this Court on March 31, 1994. The legal file was received by this Court on April 25, but failed to contain a transcript of the trial de novo. On June 22, appellant moved for extension of time in which to file his brief, and was given until August 1 to do so. Appellant filed his brief on that date, but moved for a further extension of time so he could file a "properly executed" brief; said motion was granted until August 12. On August 17, respondent filed his brief. On August 18, appellant filed a new brief superseding the previous one, along with a motion to file out of time; said motion was granted over respondent's objection. On August 29, respondent filed a motion to supplement his brief, which was granted. On August 31, appellant filed motions for an extension of time in which to (1) supplement the record by filing the transcript of the trial de novo and (2) to file a reply brief. The motion regarding the reply brief was granted, giving appellant until September 16; however, appellant's motion to file the supplemental transcript was denied. On October 25, appellant again filed a motion to supplement the record by filing the transcript of the trial de novo, which was again denied. Appellant never filed a reply brief.

In appellant's brief, the "points relied on" with listed "authorities" consists entirely of the following:

### I.

**THE ASSOCIATE CIRCUIT COURT JUDGES ERRED BY PROCEEDING TO TRIAL, WHEN RESPONDENT FAILED TO APPEAR ON TWO SEPARATE OCCASIONS, INSTEAD OF ORDERING A DEFAULT JUDGEMENT AGAINST RESPONDENT/DEFENDANT.**

VIOLATION OF PLAINTIFF/APPELLANT'S DUE PROCESS

VIOLATION OF THE PLAIN ERROR RULE

VIOLATION OF MISSOURI RULES OF COURT

### II.

**THE TRIAL COURT, JUDGE CRANCER, ERRED BY PROCEEDING TO TRIAL, WHEN JUDGE WHITTINGTON HAD NOT ISSUED DETAILED WRITTEN OPINION ON "MOTION**

---

1. Appellant's son was found guilty of second degree trespass, in violation of RSMo § 569.150 (1986).

FOR CHANGE OF VENUE". TRIAL COURT DID NOT HAVE DISCRETIONARY POWER TO PROCEED NOR JURISDICTION TO PROCEED.

VIOLATION OF PLAINTIFF/APPELLANT'S DUE PROCESS

VIOLATION OF THE PLAIN ERROR RULE

VIOLATION OF MISSOURI RULES OF COURT

## III.

THE ASSOCIATE CIRCUIT COURT JUDGES, WHITTINGTON AND CRANCER, WERE RECUSANT AND ERRED BY PROCEEDING TO TRIAL. WHEN RESPONDENT/DEFENDANT FAILED TO APPEAR ON TWO SEPARATE OCCASIONS THEY VIOLATED THEIR JUDICIAL POWERS AND DISCRETIONARY BOUNDARIES BY NOT ORDERING A JUDGEMENT OF DEFAULT AGAINST RESPONDENT, THUS CAUSING A FLAGRANT OBSTRUCTION OF APPELLANT'S RIGHT TO DUE PROCESS VIA PREFERENTIAL/PREJUDICIAL TREATMENT AND INDULGENCE UPON RESPONDENT.

VIOLATION OF PLAINTIFF/APPELLANT'S DUE PROCESS

VIOLATION OF THE PLAIN ERROR RULE

VIOLATION OF MISSOURI RULES OF COURT

No specific authorities are cited in the points relied on or in the argument itself, nor are there any references to specific pages in the legal file supporting appellant's allegations.

■ We find appellant's brief woefully inadequate, especially in light of the numerous extensions of time granted appellant in which to file his brief.[2] Despite the leeway given appellant, his brief fails to meet the requirements of Rule 84.04.

■ *Pro se* appellants are bound by the same rules of procedure as are lawyers, and are not entitled to any indulgences they would not have received if represented by counsel. *Snelling v. Chrysler Motors Corp.,* 859 S.W.2d 755, 756 (Mo.App.E.D 1993). Violations of the rules of appellate procedure constitute grounds for dismissal of an appeal. *Jones v. Jones,* 819 S.W.2d 773, 774 (Mo.App. E.D.1991). There is no obligation on this Court to review briefs which are not in conformity with these rules. *Straeter Distributing v. Fry–Wagner Moving,* 862 S.W.2d 415, 417 (Mo.App.E.D.1993).

■ The points relied on must state briefly what actions or rulings of the court for which review is sought and wherein and why they are claimed to be erroneous, with citations of authorities thereunder. Rule 84.04(d); *Thummel v. King,* 570 S.W.2d 679, 687 (Mo.banc 1978). The three components of a point relied on are: a concise statement of the challenged ruling of the trial court; the rule of law the court should have applied; and the evidentiary basis upon which the asserted rule is applicable. *Straeter,* 862 S.W.2d at 417. Points which do not state what ruling of the trial court is challenged nor provide a proper evidentiary basis, but instead set out abstract statements of law, preserve nothing for appeal. *Id.*

■ Appellant's points relied on fail to adequately explain wherein and why the trial court erred. No specific statutes, rules, or cases are cited to support appellant's claims of error. The authorities listed—due process, the plain error rule, the Missouri Rules of Court—are far too vague to point this Court in any meaningful direction. Due to the lack of guidance supplied by the points relied on, this Court would be forced to undertake additional research and briefing to supplement the deficiency; appellate courts should not, and will not, assume such a role. *Reben v. Wilson,* 861 S.W.2d 171, 172 (Mo. App.E.D.1993).

---

**2.** Appellant filed the legal file with this Court on April 25, 1994. Appellant had sixty days from the date on which the record was filed to file his brief with this Court. Rule 84.05. Therefore, appellant's brief was originally due June 24, 1994. Appellant's brief was ultimately filed August 1, but appellant was granted more time to file a "properly executed" brief. This brief, which is the one before this Court, was filed on August 18, 1994—55 days after it was originally due.

Furthermore, appellant failed to file a complete record by not including the transcript of the trial de novo in the legal file he filed on April 25, 1994. It was appellant's duty to provide a full and complete record on appeal. *Snelling*, 859 S.W.2d at 756. "If a matter complained of is not present in the record on appeal, there is nothing for the court to review." *Id.*

Absent the transcript, there is no indication in the record that appellant ever moved for default judgment or objected to a denial of such a motion. Nothing in the record shows appellant ever moved for a change of venue. Nowhere in the record is there evidence that appellant objected to Judge Crancer proceeding with the trial de novo in the absence of a written opinion by Judge Whittington. Appellant fails to identify anything in the record supporting his claim of special treatment of respondent by the St. Louis County Circuit Court system. In short, there is no evidence to which appellant could cite that supports his allegations of error. Assuming such evidence could be found in the transcript, appellant did not provide it. Appellant therefore failed to preserve any errors for review.

Appellant's brief violates Rule 84.04(d), and the record provided by appellant is incomplete. We accordingly dismiss the appeal.

One final point remains. Respondent asks that sanctions and costs be imposed against appellant, due to the frivolity of the allegations presented, the absence of a record to support the claims, and the failure to properly preserve any of the claims for appeal. While appellant fell far short of the standard for legitimate appeals, dismissal of the appeal suffices here. Respondent's request is denied.

Appellant's appeal is dismissed.

REINHARD, P.J., and CRAHAN, J., concur.