Shirley R. McDONALD, Petitioner–Appellant,

v.

Steven Forsee McDONALD, Respondent–Respondent.

No. 20603

Missouri Court of Appeals, Southern District, Division One.

April 22, 1997.

Motion for Rehearing and Transfer Denied May 14, 1997.

John R. Lewis, Lewis & Moon, L.L.P., Springfield, for petitioner-appellant.

J. Kaye Irwin, Kelley, Dorshorst & Irwin, L.L.C., Springfield, for respondent-respondent.

GARRISON, Judge.

Shirley R. McDonald (Wife) challenges the trial court's judgment modifying an earlier dissolution decree by terminating a maintenance award in her favor. We affirm.

In 1988, Wife filed suit to dissolve her marriage to Steven Forsee McDonald (Husband). On August 9, 1988, the trial court signed a document entitled "Docket Entry," which was a printed form on which alternative findings could be selected by checking a box in the margin. In the "Docket Entry," the trial court noted Wife's appearance in person with her attorney, as well as Husband's waiver of appearance. It made all of the necessary jurisdictional findings; ordered the marriage dissolved; awarded custody of minor children to Wife with reasonable visitation to Husband; ordered Husband to pay child support; found that a Separation Agreement and addendum were fair, reasonable and not unconscionable; approved the Separation Agreement and addendum; ordered that they be incorporated into and made a part of the decree; and ordered Husband to pay Wife maintenance of $500 per month beginning on that date.

On the same day, the trial court also signed a formal "Decree of Dissolution of Marriage." [1] In the formal decree, the trial court acknowledged that there was marital and non-marital property "which is set out in and should be divided according to the property settlement agreement filed herein," and that the parties had marital debts "which are listed in the property settlement agreement." Its judgment read, in part, "that the property and debts shall be divided according to the property settlement agreement filed herein; and that [Husband] shall pay maintenance to [Wife] in the amount of $500.00 per month."

The property settlement filed with the trial court was dated February 20, 1987, and was signed in Virginia where the parties were then apparently living. It contained the following provisions:

. . . .

WHEREAS, desirous of entering into this Agreement for the purpose of fixing their respective personal property rights and agreeing on terms for spousal support. . . .

. . . .

6. Husband shall pay to Wife spousal support in the amount of $500.00/month. The amount of spousal support shall increase at the time child support decreases due to the emancipation of at least one of the children. The amount of such increased spousal support shall be the greater of $671 or the amount of the mortgage payment on Wife's residence in Ozark, Missouri (currently $671 but subject to interest rate adjustments). Should Husband's salary increase in real terms in the future, then during the term of his responsibility for support the amount of such support shall increase proportionately. Total support payments of $1,500 shall equate to a salary of $40,000.00 of Husband. Earnings of Husband in excess of $40,000.00 therefore shall entitle Wife and the children to a proportionate increase in support. Reductions in earnings of Husband however shall not result in any reduction in support payments below the initial amounts as set forth hereinabove. Husband shall provide Wife with documen-

---

**1.** There is no issue on this appeal about whether this constituted the court's judgment. In fact, the parties appear to agree that it was.

tation (tax returns, etc.) annually of his earnings upon Wife's request.

. . . .

18. It is agreed between the parties hereto that in the divorce proceeding, this Agreement shall be filed with the pleadings, and the Court requested to enter a decree approving and confirming the same. This Agreement is not subject to merger nor termination by such decree, but shall in all respects survive the same and shall be binding and conclusive on the parties for all time.

. . . .

On November 16, 1994, Husband filed a motion to modify the decree in which he sought to terminate the maintenance award. In Wife's answer, she referred to the property settlement and requested that its terms and conditions be specifically enforced in any modification ordered by the court. She also filed a counter-motion to modify in which she alleged that the property settlement provided that Husband was to increase his maintenance payments as his salary increased, but he had failed to do so. She prayed that the court "acknowledge the Property Settlement Agreement," and order Husband to pay maintenance in accordance with its terms.

The trial court terminated maintenance, finding that its original award of maintenance, which made no reference to whether or not it was modifiable, was subject to modification. It also found the following:

Further, said Judgment and Decree of Dissolution did not incorporate the Property Settlement Agreement dated February 20, 1987, nor the Addendum to Property Settlement Agreement dated July 15, 1988, or made [sic] said Agreements a part of such Judgment and Decree dated August 9, 1988, or incorporate the same by reference.

Further, the Court is without Jurisdiction in this action to specifically enforce the terms of said Property Settlement Agreement or the Addendum to Property Settlement Agreement, as prayed by [Wife].

Review of the trial court's order is governed by Rule 73.01 [2] as interpreted in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Accordingly, we are to affirm the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.; Morrison v. Meadors*, 892 S.W.2d 786, 788 (Mo. App. S.D.1995).

Wife's first point relied on is:

The trial court committed error in that it improperly declared or applied the law and the trial court's judgment is not supported by substantial evidence or is against the weight of the evidence.

Rule 84.04(d) requires that a point "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." That Rule also provides that "[s]etting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule."

"The three components of a point relied on are: a concise statement of the challenged ruling of the trial court; the rule of law the trial court should have applied; and the evidentiary basis upon which the asserted rule is applicable." *Jones v. Wolff*, 887 S.W.2d 806, 808 (Mo.App. E.D.1994). "Points which do not state what ruling of the trial court is challenged nor provide a proper evidentiary basis, but instead set out abstract statements of law, preserve nothing for appeal." *Id.* In the instant case, the point is a mere abstraction and does not comply with the mandatory requirements of Rule 84.04(d). The argument section of the brief under this point consists of only two paragraphs and relates only to the applicable standard of review. The point preserves nothing for review and is, therefore, denied.

In Wife's second point, she contends that the trial court erred, in entering the *dissolution decree* in 1988, by failing to include a finding that the property settlement was not unconscionable and either include its terms in the decree and order the parties to

**2.** All references to rules are to Missouri Rules of Civil Procedure (1997).

perform them pursuant to § 452.325.4(1), RSMo 1986, or exclude the terms relating to maintenance from the decree and allow the parties to enforce the agreement pursuant to § 452.325.4(2), RSMo 1986. Wife then asserts, in her point, that the court's *modification judgment* was rendered erroneously because it was not supported by substantial evidence and misapplied the law.

The argument section of Wife's brief under this point refers only to the trial court's alleged error in entering the original dissolution decree. In support, she cites § 452.325.2, RSMo 1986, for the proposition that the terms of a separation agreement are binding on the trial court, except as to its provisions for the custody, support and visitation of children, unless the court finds that it is unconscionable. She then cites *Block v. Block*, 593 S.W.2d 584, 588 (Mo.App. W.D. 1979), for the proposition that § 452.325.2 applies where, as here, the separation agreement was presented to the trial court as a part of the dissolution proceedings.

Wife neither cites authority nor makes an argument demonstrating how she contends that the court's failure to find the separation agreement unconscionable in the dissolution decree translates into a right to relief concerning the modification. If we were to presume to attempt to construct such an argument, we would be assuming the role of advocate. "An appellate court should not become an advocate for one of the parties in an effort to see if it can find a theory for reversal." *Stroup v. Facet Automotive Filter Co.*, 919 S.W.2d 273, 277 (Mo.App. S.D. 1996); *see also Thompson v. Thompson*, 786 S.W.2d 891, 892 (Mo.App. S.D.1990).

▮ The sole issue argued in this point is the alleged error of the trial court in entering the dissolution decree in 1988. It is our duty to determine *sua sponte* whether we have jurisdiction in an appeal. *Webster v. City of Cool Valley*, 838 S.W.2d 520 (Mo.App. E.D. 1992). A timely filing of a notice of appeal is jurisdictional. *Porter v. Emerson Elec. Co.*, 895 S.W.2d 155, 160 (Mo.App. S.D.1995); *Maxwell v. Maxwell*, 607 S.W.2d 805, 807 (Mo.App. W.D.1980). A judgment becomes final thirty days after its entry in the absence of a motion for new trial or other authorized after-trial motions. Rule 81.05(a). No appeal is effective unless the notice of appeal is filed not later than ten days after the judgment appealed from becomes final. Rule 81.04(a). Here, the notice of appeal referenced only the modification order entered in 1995. There was no appeal from the original dissolution decree about which Wife complains in her second point on appeal. We have no jurisdiction to decide the issue raised in this point.

In her third point on appeal, Wife contends that:

> The court erred by failing to correct its decree of dissolution of marriage rendered August 9, 1988 as permitted by Rule 74.06(a) and enforcing the terms and provisions of the property settlement agreement which the court found by docket entry to be conscionable and which thereafter should have been made a part of the decree and enforceable by the parties by remedy of judgment or contract action.[3]

Wife explains her point by saying in the argument section of her brief:

> By the filing of this appeal, [Wife] seeks to correct the judgment entry of August 9, 1988 and to require that the property settlement agreement be enforced as a part of the judgment pursuant to Section 452.325.4(1) or pursuant to Section 452.325.4(2) RSMo.

While Wife contends in her point that the trial court erred in failing to correct its decree as permitted by Rule 74.06(a), she does not indicate that any such motion was filed, and our review of the record fails to find any. Instead, she argues that on "September 8, 1995, the Judge was presented with clerical mistake of his 1988 decree when he was asked to take judicial notice of the Court's file in this case." This is also without cita-

---

3. Rule 74.06(a) provides:
   Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected with leave of the appellate court.

tion to the record. In fact, Husband contends that the record is devoid of any indication that Wife requested the court to take judicial notice of the court's file. Wife's argument appears to be that the trial court should have unilaterally realized that it had not incorporated the separation agreement into what both parties appear to agree was the decree, and then amended its earlier decree.

Wife does argue that on November 4, 1996 she filed a motion to correct the judgment *nunc pro tunc,* which was overruled by the trial court on November 6, 1996. This is also without citation to the record in support. Our own review of the record does not disclose the filing of any such motion. Additionally, even if this contention were supported by the record, it would have related to a motion filed after the notice of appeal was filed in this case, and would not relate to a matter which is the subject of this appeal.

Wife relies heavily on *Day v. Day,* 719 S.W.2d 876, 878–79 (Mo.App. W.D.1986), for the proposition that the trial court may correct its decree if some writing in the record shows the judgment actually rendered as contrasted with the one entered. There, unlike the instant case, the issue of a *nunc pro tunc* order was presented to the trial court in connection with the issue of a modification.

The matters which are the subject of this point are not shown to have been presented to the trial court prior to the time it made its order from which this appeal was taken. "[A]n appellate court will not convict a trial court of error on an issue which was not put before it to decide." *Sisk v. McIlroy & Assoc.,* 934 S.W.2d 567, 574 (Mo.App. S.D. 1996). Under these circumstances, this point is denied.

Judgment affirmed.

BARNEY, P.J., and PREWITT, J., concur.