**LOCAL 781 INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, AFL–CIO, et al., Respondents,**

v.

**CITY OF INDEPENDENCE, Missouri, Appellant.**

No. WD 53404.

Missouri Court of Appeals, Western District.

June 10, 1997.

Rehearing Denied July 29, 1997.

James G. Walsh, Jr., Kansas City, for Respondents.

Steven E. Mauer, Kansas City, for Appellant.

Before ULRICH, C.J., P.J., and LOWENSTEIN and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

The City of Independence appeals a declaratory judgment of the Circuit Court of Jackson County that declared all subsections of § 5.4 of the Independence City Charter, dealing, *inter alia*, with the restriction of the political activities of city employees, and subsections (a) and (b) of the proposed revisions thereto to be unconstitutional. This action was filed by Local 781, International Association of Fire Fighters, AFL–CIO, and its individual representatives (respondents). Respondents filed an amended petition for declaratory judgment requesting that only §§ 5.4(1)(a)-(c) and 5.4(3) be declared unconstitutional. As to these subsections, the parties entered into a stipulation that they were unconstitutional and could be declared as such by the trial court. In addition, before a judgment could be entered on this stipulation and while this cause was still pending, the parties agreed to submit to the voters proposed revisions to § 5.4, which were ultimately defeated in a city election on April 2, 1996. After the election, the trial court entered its judgment declaring the entirety of § 5.4 and proposed revisions (a) and (b) to be unconstitutional, void and unenforceable. In their pleadings, respondents at no time challenged the constitutionality of the proposed revisions to § 5.4.

Appellant asserts three points on appeal. Points I and II both deal with the trial court's declaration that § 5.4 was unconstitutional in its entirety. In Point I, appellant claims that it was error for the trial court to declare the entirety of § 5.4 unconstitutional because an ordinance restricting the political activities of city employees can be constitutional if narrowly drawn. In Point II, appellant alleges that the trial court did not have jurisdiction to declare §§ 5.4(1)(d), 5.4(2), and 5.4(4)-(6) unconstitutional, because respondent did not challenge the constitutionality of these subsections in its amended petition. In Point III, appellant alleges that the trial court erred in considering the constitutionality of proposed revisions (a) and (b) to § 5.4 because their defeat in the election made the question of their constitutionality "moot."

We reverse and remand.

### Facts

In 1995, the Independence City Council proposed a new work agreement with city fire fighters, represented by Local 781, which was to "bring financial stability to the City and improve the operation of the Fire Department." Interim work rules were put into place until appellant and respondents could establish a new labor agreement.

In anticipation of the upcoming April 1996 city election, respondents increased their monthly union dues with the intention that the money generated would be used to support the campaigns of City Council candidates who were sympathetic to its interests. Henry Carner, president of Local 781, testified that appellant indicated if the union members made contributions to candidates running for City Council as planned, they would be disciplined for violation of § 5.4 [1] of the Independence City Charter, pursuant to § 5.5.[2] Section 5.4 of the charter addresses, *inter alia*, the rights of city employees with respect to their participation in local election campaign activities. Respondents filed suit against appellant, seeking to have invalidated certain subsections of the charter: §§ 5.4(1)(a)-(c) and 5.4(3) and the penalties found in § 5.5 for violating these subsections. After filing a motion for summary judgment, respondents filed an amended petition for declaratory judgment, in which they alleged that § 130.011,[3] the campaign finance disclosure law, preempted the subsections in question and that they were too broad and violated the freedoms of speech and association.

Appellant proposed revisions to § 5.4,[4] which provided, in essence, that city employ-

1. Section 5.4 states:

    (1) No employee of the city shall:
    (a) Continue in such position after becoming a candidate for nomination or election to any public office;
    (b) Give, pay, lend, or contribute any part of his/her salary or compensation or any money or other valuable thing to any person on account of or to be applied to the promotion of any political party or organization or for any political purpose whatsoever;
    (c) Serve as an officer or committeemember of a political club or organization, or solicit any person to vote for or against any candidate for any public office, or seek signatures to any petition provided by this charter or any primary or general election law, or act as a worker at the polls, or distribute badges, colors, or indicia favoring or opposing a candidate for nomination or election to any public office or otherwise work for or against the nomination or election of any candidate for public office, or work for or against the recall of any public officer; and
    (d) Use any vehicle, equipment, materials, or other property of the city in the interest of or against the nomination or election of any candidate for any public office, or for any other political purpose.
    (2) No councilmember nor board member shall:
    (a) Orally, by letter, or otherwise solicit or be in any manner concerned in soliciting any assessment, subscription, or contribution for any political party or political purpose whatever from any employee of the city; and
    (b) Use any vehicle, equipment, materials, or other property of the city in the interest of or against the nomination or election of any candidate for any public office, or for any other political purpose.
    (3) No person or business entity shall orally, by letter, or otherwise solicit or be in any manner concerned in soliciting any assessment, subscription, or contribution for any political party or political purpose whatever from any employee of the city.

    (4) Should a board member, after successfully pursuing nomination to election, become so elected he/she shall resign his/her position with said board or commission before taking the oath of that public office, except as provided by this charter, ordinance or by state law.
    (5) All persons and business entities under this article mentioned shall retain the right to vote as they may choose and the right to express their opinions on all political subjects and candidates notwithstanding the provisions of this article.
    (6) No other person shall use any vehicle, equipment, materials, or other property of the city in the interest of or against the nomination or election of any candidate for any public office, or for any other political purpose.

2. Section 5.5 states:

    Any person, or business entity, who willfully or through culpable negligence violates any of the provisions of Sections 5.1 to 5.4 of this article shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than twenty-five (25) dollars nor more than five hundred (500) dollars, or by imprisonment for a term not exceeding one (1) year, or by both such fine and imprisonment. Any person who is convicted hereunder shall, for a period of five (5) years thereafter, be ineligible to hold any office or position of employment in the city service. Any such conviction of any councilmember, board member, or employee shall be automatically removed by the said conviction effective at the expiration of the period during which he/she may appeal or, in case of appeal, when the case is finally determined, unless the regular removal authority has already removed such person....

3. All statutory references are to RSMo 1994, unless otherwise noted.

4. The proposed, revised Section 5.4 states:

    a. No employee of the City shall, other than as authorized under applicable law, knowingly or willfully, make, solicit or receive any contri-

ees could fully participate in any election or political activity, with the exception of city office or ballot elections. Appellant agreed in a joint stipulation of facts that to the extent the § 5.4 subsections exceeded the proposed revisions, they would not be enforced. On April 2, 1996, Independence voters defeated the proposed revisions to § 5.4, which was part of a package of amendments to the charter. The trial court issued a declaratory judgment in favor of the respondents on August 8, 1996, wherein it declared "the current Section 5.4 of the City Charter for the City of Independence and the proposed revision of said Section 5.4(a) and (b) ... are unconstitutional and ... [are] void and unenforceable."

■ This appeal follows.

### Standard of Review.

In an action for declaratory judgment tried before a court without a jury, the judgment entered by the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or the court erroneously declared or applied the law. *Associated Gen. Contractors v. Dept. of Labor*, 898 S.W.2d 587, 590 (Mo.App.1995).

### I.

In appellant's first point on appeal, it alleges that the trial court erred in declaring the entirety of § 5.4 of the city charter to be unconstitutional. However, it neither argues that the whole of the section is not unconstitutional nor specifies which subsections of the section it is contending are not unconstitutional. In any event, appellant's only complaint in Point I is that the trial court erred in declaring the "entirety" of § 5.4 unconstitutional. In this respect, respondents concede that they did not challenge the constitutionality of §§ 5.4(1)(d), 5.4(2) and 5.4(4)-(6), that these subsections are not unconstitutional, and that the trial court erred in declaring them unconstitutional. However, the respondents contend that the remaining subsections of § 5.4 are unconstitutional, and that the trial court did not err in declaring them such. Thus, the parties agree that the trial court erred in declaring the entirety of § 5.4 unconstitutional in that §§ 5.4(1)(d), 5.4(2) and 5.4(4)-(6) are not unconstitutional, and thus, the judgment must be reversed to this extent. The question is whether the trial court's judgment must be reversed as to the remaining subsections of § 5.4.

■ Although appellant sets out the legal standard for judging the constitutionality of an ordinance that seeks to restrict the political activities of city employees, it does not tell us how this standard factually relates to the individual subsections of § 5.4. As such, it is simply an abstract statement of the law, which violates Rule 84.04(d) dealing with the sufficiency of an appellant's points relied on. *Straeter Distributing v. Fry–Wagner Moving*, 862 S.W.2d 415, 417 (Mo.App.1993). Abstract statements of the law, such as found

---

bution to the campaign of any political party or committee to be used in a City election or to campaign funds to be used in support of or opposition to any candidate for election to City office or City ballot issue. Further, no City employee shall, knowingly or willfully, actively participate in any aspect of any political campaign on behalf of, or in opposition to, any candidate for City office. This section shall not be construed to limit any person's right to exercise rights as a citizen to express opinions while not at the work place (such as wearing campaign buttons, placing bumper stickers on personal vehicles, putting yard signs on their own property or other similar expressions) or to cast a vote nor shall it be construed to prohibit any person from active participation in political campaigns at any other level of government.

b. No council member, board member, employee or candidate or their agent shall knowingly or willfully solicit or assist in soliciting any assessment, subscription or contribution for any political party or political purpose to be used in conjunction with any City election from any City employee.

c. No person shall use any vehicle, equipment, materials or other property of the City in the interest of or against nomination or election of any candidate for any public office or for any other political purpose at any level of government.

d. All employees must notify the director of the Personnel Department, and obtain approval pursuant to applicable personnel policy, before seeking election to any public office at any level of government in order to avoid any conflict of interest or compromise of the employee's duties and obligations to the City. Approval will not be unreasonably withheld and the application process will be treated as a confidential, personnel matter.

in appellant's Point I, preserve nothing for appeal. *Id.* Thus, other than to the extent respondents concede appellant's Point I, we decline further appellate review of the same. In addition, on this issue, we note that appellant did, in oral argument, concede that it was not challenging the trial court's judgment as to the existing subsections of § 5.4, except as it related to §§ 5.4(1)(d), 5.4(2) and 5.4(4)-(6).

## II.

In Point II, appellant again challenges the trial court's judgment declaring the entirety of § 5.4 unconstitutional. However, unlike in Point I, in this point, appellant does point to specific subsections of § 5.4 as to why the entire section could not be declared unconstitutional. In this point, appellant asserts that because respondent did not challenge §§ 5.4(1)(d), 5.4(2) and 5.4(4)-(6) as being unconstitutional, it was error for the trial court to declare them unconstitutional by declaring the entire section unconstitutional. Respondent concedes this point. Thus, the result in this point is the same as in Point I, in that we reverse the judgment of the trial court to the extent it declares §§ 5.4(1)(d), 5.4(2) and 5.4(4)-(6) unconstitutional and remand this cause with directions to the trial court to enter its amended judgment only declaring the remaining subsections of § 5.4 unconstitutional.

## III.

In Point III, appellant alleges that the trial court erred in declaring subsections (a) and (b) of the proposed revisions to § 5.4 to be unconstitutional, because the constitutionality of the proposed revisions became "moot" when they were defeated by the Independence voters prior to the hearing on respondent's petition for declaratory judgment.[5] Respondent argues that the defense of mootness cannot be raised on appeal because it could and should have been raised at trial, but was not, and that appellant's failure to raise the issue at trial precludes it from doing so now. We disagree.

Initially, we address the question of whether the defeat of the proposed revisions to § 5.4 before the hearing took place rendered the constitutionality of the revisions "moot" for purposes of the declaratory judgment action. " 'A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.' " *State v. Missouri Health Facilities Rev. Com.,* 926 S.W.2d 90, 91 (Mo. App.1996), citing *Bank of Washington v. McAuliffe,* 676 S.W.2d 483, 487 (Mo. banc 1984). Mootness indicates that a controversy existed, which was properly before the court for resolution, but was extinguished by the occurrence of some event, rendering the controversy academic. Here, the issue is not whether a controversy existed that was extinguished, but whether it was ever "ripe" for judicial review in the first place. Thus, we must determine whether the controversy of the constitutionality of proposed revisions (a) and (b) to § 5.4 was ripe in the sense that there was a justiciable issue capable of judicial review.

This court has held "[i]n order that a controversy be ripe for adjudication a 'sufficient immediacy' must be established. Ripeness does not exist when the question rests solely on a probability that an event will occur." *State ex rel. Kan. Power & Light v. PSC,* 770 S.W.2d 740, 742 (Mo.App. 1989) (citations omitted). On this issue, we find our decision in *Ketcham v. Blunt,* 847 S.W.2d 824 (Mo.App.1992), to be persuasive. In *Ketcham,* we held that a constitutional challenge to the substance of a proposal to initiate term limits was not ripe because the proposal had not yet been passed. *Id.* at 834. The court in *Ketcham* properly refused to " 'look behind the face of the [revision] to determine its constitutionality prior to being voted on by the electorate' " and affirmed the trial court's ruling that the issue of the proposed revisions' constitutionality was not yet

---

5. From the record, it appears that respondents did not challenge the constitutionality of any of the proposed revisions to § 5.4. As such, we would have expected appellant to have asserted this fact in claiming that the trial court erred in declaring proposed revisions (a) and (b) to § 5.4 unconstitutional, rather than relying on the defense of mootness.

ripe. *Id., citing Union Elec. Co. v. Kirkpatrick,* 678 S.W.2d 402, 405[2–4] (Mo. banc 1984). Similarly, we find that proposed revisions (a) and (b) to § 5.4 here were not ripe for a determination of their constitutionality, in that they were not enacted, and thus, whether they are constitutional or not has no present effect or bearing on any person or issue and presents an academic question at best.

Respondent argues that even if the constitutionality of the proposed revisions is moot, appellant waived this defense by failing to raise it at the hearing or in its motion for new trial. However, as we have already found, the issue here is not one of mootness, but ripeness. As to ripeness, we can find no cases that address the issue of whether ripeness can be waived by a party's failure to raise it at the earliest opportunity, in this case, at trial. In a case of apparent first impression, we find that it cannot.

▮ Ripeness is a "tool" of the court, which is used to determine whether a controversy is "ripe" or ready for judicial review, or whether by conducting the review, we would simply be rendering an advisory opinion on some future set of circumstances, which we are not permitted to do. *Ketcham,* 847 S.W.2d at 833–34. Because it is a tool of the court used to determine whether a controversy is ready for judicial review, ripeness, like jurisdiction, is not waived by the failure of a party to raise it at the earliest opportunity. Thus, the fact that the appellant here did not raise at trial the question of the ripeness of respondent's constitutional challenge to proposed revisions (a) and (b) to § 5.4 does not prevent us from determining its ripeness on appeal.

Respondents, in their oral argument, made much ado about their stipulation and agreement with appellant, which they claim provided that the proposed revisions to the charter would be followed by appellant regardless of the outcome of the election. Even assuming, *arguendo,* that the spin given the agreement by respondents is accurate, it is irrelevant to this appeal. The effect of this "agreement" on how appellant will enforce the provisions of § 5.4 is not before this court. What is before this court in this point

is whether the trial court could properly decide the constitutionality of the "proposed" revisions to the city charter. Clearly, it could not because the issue, in a legal sense, was not "ripe" for judicial review.

In summary, because the proposed revisions to § 5.4 had not been voted into law, but had, in fact, been rejected by the voters, we find the matter of the constitutionality of the proposed revisions to § 5.4 was not yet ripe for judicial review. *Id.* As a result, the trial court's review of the proposed revisions' constitutionality was in error. This being the case, we must reverse that portion of the judgment that declares subsections (a) and (b) of the proposed revisions to § 5.4 to be unconstitutional, and remand the cause to the trial court with directions that in entering its amended declaratory judgment as ordered *supra,* it delete any reference to the unconstitutionality of proposed revisions (a) and (b) to § 5.4.

### Conclusion

We reverse the declaratory judgment of the trial court and remand this cause with directions to the trial court to enter its amended declaratory judgment consistent with this opinion.

All concur.