**MISSOURI RETIRED TEACHERS
FOUNDATION, Respondent,**

v.

**Chris ESTES, Cole County
Assessor, Appellant.**

**No. WD 72129.**

Missouri Court of Appeals,
Western District.

Oct. 26, 2010.

**101**

Pamela Q. Henrickson, Jefferson City, MO, for appellant.

John W. Kuebler, Jefferson City, MO, for respondent.

Before Division Three: ALOK AHUJA, Presiding Judge, VICTOR C. HOWARD, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

This case involves a claim of exemption under Section 137.100[1] from the assessment of ad valorem taxes on real property owned by the Missouri Retired Teachers Foundation ("Foundation"). The Cole County Assessor ("Assessor") appeals from the trial court's judgment finding that a parcel of real property owned by the Foundation is exempt from taxation within the meaning of Section 137.100, and enjoining the Assessor from reporting the parcel of real property as taxable on the tax rolls. We affirm in part, and reverse and remand in part, with instructions.

### Statement of Facts and Procedural History

The Foundation is a Missouri not-for-profit corporation which was incorporated on March 8, 2001, for both charitable and

---

1. All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

educational purposes. Pursuant to the Internal Revenue Code, the Foundation is exempt from federal income tax under 26 U.S.C.A. section 501(c)(3).[2]

In September 2005, the Foundation purchased vacant real estate at 3030 DuPont Circle in Jefferson City, Cole County, Missouri ("Property").[3] On October 25, 2005, the Assessor approved the Foundation's request to declare the Property exempt from taxation under section 137.100(5), which exempts "[a]ll property, real and personal, actually and regularly used exclusively for religious worship, for schools and colleges, or for purposes purely charitable and not held for private or corporate profit."

On March 13, 2009, the Assessor[4] notified the Foundation that he believed the exemption afforded the Foundation for the Property "was in error." The Assessor opined that *vacant* real property is not being "used" and, thus, cannot be exempt under section 137.100(5). The Assessor's notification letter advised the Foundation that "[f]or the tax year 2009 this property will be listed on the tax rolls as vacant land. Prior to January 1, 2010 if you have constructed improvements that you feel qualify for exemption please submit a tax exempt application stating the use of the improvements." When the Foundation received this notice, it was in the process of constructing an office building on the Property. However, as of January 1, 2009, the office building was not complete.

Thus, as of January 1, 2009, the Property was properly classified as vacant.

The Foundation appealed the Assessor's determination to the Cole County Board of Equalization. On July 22, 2009, the Board of Equalization issued a report *for tax year 2009,* which stated that "[n]otice is hereby given that at the meeting of the County Board of Equalization held on July 21, 2009, the valuation of the property herein below described was not changed by said Board."[5] The report identified the Property and recited the Assessor's appraised value of the Property as $126,300 and the Assessor's assessed value of the Property as $40,420. At the time of this report, the only assessment that had been issued for the Property was the Assessor's assessment as of January 1, 2009.

The Foundation appealed the Board of Equalization's decision to the Cole County Circuit Court in August 2009. A trial to the court was conducted on November 30, 2009. Though the appeal was taken from the Board of Equalization's decision to uphold the Assessor's assessment of the Property as of January 1, 2009, when the Property was considered vacant, the *primary* focus of the evidence presented by both parties at trial related to the Foundation's use of the office building on the Property—a building that was not substantially complete or occupied as of January 1, 2009. The primary dispute between the parties on this subject involved whether the Foundation's lease of a significant portion of the building to the Missouri

---

2. The Internal Revenue service granted the original tax exemption on June 17, 2002, and reaffirmed the Foundation's status as tax exempt on June 25, 2008.

3. The legal description of the Property is: Lot No. 2 of Executive Park Subdivision, in the City of Jefferson, Missouri, per Plat of record in Plat Book 11, Page 806, Cole County Recorder's Office.

4. The Assessor who originally determined that the Property was exempt from taxation was Shawn I. Ordway. The Assessor who later contended that this determination was "in error" was Christopher D. Estes.

5. The transcript of the actual proceedings conducted before the Board of Equalization is not a part of the record on appeal.

Retired Teachers Association ("MRTA")[6] destroyed the improved Property's exempt status.

The record does not indicate: (a) that the Foundation sought exemption for the Property as improved by the office building as of January 1, 2010; or (b) that the Assessor made an official determination about the Property's tax exempt status as of January 1, 2010; or (c) that the Assessor assessed the Property in its improved state as of January 1, 2010. In fact, as the trial of this matter occurred in November 2009, it is self-evident that none of these actions could have been taken at the time of trial.

The trial court entered its Judgment on January 6, 2010. The trial court found that the Foundation's appeal was from the Board of Equalization's decision relating to the Property's taxation as of January 1, 2009. The trial court found that the building on the Property was not substantially complete until October 2009, though temporary occupancy of the Building began in March 2009. The trial court made several findings about the use of the building on the Property by both the Foundation and MRTA from and after March 2009. The trial court found that the Foundation's "use of its property located in Cole County, Missouri is exempt within the meaning of Section 137.100." The trial court en-

joined the Assessor "from reporting the Property on its tax rolls."

The Assessor appeals.

## Analysis

■ The Assessor contends in its single point on appeal that the trial court erred in granting the Foundation exemption from taxation of the Property under the test for exemption articulated in *Franciscan Tertiary Province of Missouri, Inc. v. State Tax Commission*, 566 S.W.2d 213 (Mo. banc 1978).[7] Though the point on appeal is generically stated, the argument portion of the Assessor's brief is devoted exclusively to discussion of the Property's eligibility for exemption in its improved state with the MRTA as a tenant. The Assessor has thus failed to assert or preserve any claim that the Judgment is in error with respect to the Property's eligibility for exemption as of January 1, 2009, when the Property was vacant. *Kabir v. Mo. Dep't of Soc. Servs.*, 845 S.W.2d 102, 102–03 (Mo.App. W.D.1993) (holding that a matter decided by the trial court but not raised as an issue on appeal is deemed abandoned). The Judgment is, therefore, affirmed as it relates to the Property's exemption from taxation as of January 1, 2009.

■ The Property's eligibility for exemption after it was improved by the office building was not an issue that was ripe for determination at the time of trial.[8] Real

---

6. The MRTA is a Missouri not-for-profit corporation incorporated in 1980. The MRTA is exempt from federal income tax under 26 U.S.C.A. section 501(c)(4).

7. This appeal thus raises an issue involving the *application* of a revenue law already construed by the Missouri Supreme Court in *Franciscan*, 566 S.W.2d 213. Article V, section 3 of the Missouri Constitution, which vests exclusive original jurisdiction of appeals addressing the *construction* of a state revenue law in the Missouri Supreme Court, does not apply. *Affiliated Med. Transp., Inc. v. State*

*Tax Comm'n*, 741 S.W.2d 25, 27 (Mo. banc 1987).

8. Neither party has raised the issue of ripeness. However, "[r]ipeness is a 'tool' of the court, which is used to determine whether a controversy is 'ripe,' or ready for judicial review, or whether by conducting the review, we would simply be rendering an advisory opinion on some future set of circumstances, which we are not permitted to do." *Local 781 Int'l Ass'n of Fire Fighters, AFL–CIO v. City of Independence*, 947 S.W.2d 456, 461 (Mo.App. W.D.1997). "Because it is a tool of

property is assessed annually *as of the first day of January.* Section 137.080. The Property could not have been assessed as improved by the office building, therefore, until January 1, 2010, a date falling after the November 2009 trial. The Assessor's assessment of the Property as of January 1, 2009, was expressly limited to a determination that vacant property cannot qualify for exemption under section 137.000. The Assessor invited the Foundation to seek exemption *for tax year January 1, 2010,* should the Property's use change by that time due to construction. We cannot, therefore, treat the Assessor's assessment of the Property as of January 1, 2009, as anything more than a determination that the Assessor believed the Property was not eligible for exemption because it was vacant. As a result, we cannot treat the Board of Equalization's decision to affirm the Assessor's assessment as of January 1, 2009, as applicable to the Property in any condition other than as vacant.

The trial court had the power to hear the Foundation's appeal from the Board of Equalization's decision to uphold the Assessor's January 1, 2009 assessment of the Property (and the corresponding denial of an exemption for the Property as of that time). Section 138.430.3 provides:

> Every owner of real property . . . shall have the right to appeal to the circuit court of the county in which the collector maintains his office, from the decision of the local board of equalization . . . *after the final decision of the board of equalization concerning all questions and disputes involving the exclusion of exemption of such property* from assessment or from the tax rolls . . . .

(Emphasis added.) The trial court acknowledged in its Judgment that it was hearing the Foundation's appeal pursuant to the authority of this statute. As there has never been a final decision of the Board of Equalization concerning the exemption of the Property as of January 1, 2010, in its improved state, it follows that the trial court had no power under section 138.430.3 to enter a Judgment addressing that subject.

■ Our Supreme Court has concluded that a taxpayer is not obligated to appeal to the Board of Equalization following an assessment of property that ignores a claimed exemption but can appeal such an assessment directly to the circuit court, thus bypassing section 138.430. *Council House Redevelopment Corp. v. Hill,* 920 S.W.2d 890, 892–93 (Mo. banc 1996). In *Council House,* the Supreme Court observed:

> As a general rule, courts will refrain from acting until the litigants have exhausted all available administrative remedies provided by statute. In establishing a system for the levying of taxes and the appeal of property tax assessments, including those set out in sections 138.060, 138.430, and 139.031, the legislature has properly charged administrative agencies with responsibilities associated with the determination of property valuation methods as well as the actual assessment of property.
>
> Proceedings before administrative bodies are not, however, a taxpayer's exclusive remedy for claiming an exemption from taxation. *Washington Univ. v. Baumann,* 341 Mo. 708, 726, 108 S.W.2d 403, 413 (banc 1937). "[W]hen a taxpayer does not question the valuation of his property, but asserts it is not subject to

the court used to determine whether a controversy is ready for judicial review, ripeness, like jurisdiction, is not waived by the failure

of a party to raise it at the earliest opportunity." *Id.*

the tax, he need not appear before the Board of Equalization but may enjoin the enforcement of the tax." *B & D Inv. Co., Inc. v. Schneider,* 646 S.W.2d 759, 762 (Mo. banc 1983).

Though a party may seek to enjoin the enforcement of an assessed tax in the face of a claimed exemption without first appealing the disputed assessment to the Board of Equalization, it is axiomatic that there must first be an assessment requiring the court's intervention.

■ Here, though it is evident that the Assessor would likely have taken the position on January 1, 2010, that the Property, as improved, did not qualify for exemption under section 137.100 because of its partial occupancy by the MRTA, " '[r]ipeness does not exist when the question rests solely on a probability that an event will occur.' " *State ex rel. Kansas Power & Light Co. v. Pub. Serv. Comm'n,* 770 S.W.2d 740, 742 (Mo.App. W.D.1989) (quoting *Buechner v. Bond,* 650 S.W.2d 611, 614 (Mo. banc 1983)). As there has never been an assessment of the Property in its improved state, the trial court did not have the power to determine the Property's eligibility for exemption in its improved state, as that issue was in the abstract and was not ripe for judicial resolution. *See Local 781,* 947 S.W.2d at 461 (holding that constitutionality of revision to city charter was not ripe for determination before the revision was enacted). We are required, therefore, to reverse the Judgment of the trial court insofar as it determines the Property's eligibility for exemption for any tax year other than 2009 and insofar as it enjoins the Assessor from reporting the Property on the tax rolls for any tax year other than 2009.[9]

**Conclusion**

The Judgment's determination that the Foundation's Property is exempt pursuant to section 137.100 as of January 1, 2009, and enjoining the Assessor from reporting the Property on the tax rolls in 2009 is affirmed. In all other respects, the Judgment is reversed. This matter is remanded with instructions to the trial court to enter an amended judgment consistent with this opinion.

All concur.

---

9. This opinion should not be construed to encourage or require the Assessor to assess the Property as of January 1, 2010, in disregard of the Foundation's claimed exemption, or to encourage or require the Assessor to disregard the trial court's prematurely expressed views on the issue of the Property's eligibility for exemption in its improved state.